EMMA G. GAVISK, Respondent, *v.* PACIFIC RAILROAD COMPANY, Appellant.

1. *Evidence — Experts, testimony of.*—Where the experience of a witness is of such a nature that it may be presumed to be within that of all men of common education moving within the ordinary walks of life, the evidence of opinion is improper. The jury must draw their own inference.

2. *Damages — Railroad — Evidence — Offer of charity.*— In suit for damages against a railroad company for killing plaintiff's husband, proof of a letter from the president to plaintiff, containing an offer of money as a charitable donation, but in no way admitting any legal liability, although strictly improper for irrelevancy, would not be calculated to work harm to defendant, and would not justify a reversal of the cause.

*Appeal from Johnson Circuit Court.*

*J. N. Litton*, for appellant.

I. The court erred in permitting the letter of Taylor to be read in evidence.

II. The court erred in refusing to allow the conductor to answer the question as to what would have been the effect if Gavisk had held on to the brake. There is no objection to it on the ground that he was not an expert. He had been brakeman and conductor eleven years, and, feeling shocks twenty times a day, it would be impossible to produce a man better qualified to answer the questions, and state whether the shock was sufficient to throw off a man who had braced himself as a man of Gavisk's occupation was required to do. He was an expert. (Keim v. St. Louis Mutual Ins. Co., 40 Mo. 26; 1 Greenl. Ev. 482, § 440.)

*H. B. Johnson*, for respondent.

The letter of George R. Taylor to Emma G. Gavisk, written, as the evidence shows, with direct reference to the subject-matter of this suit, constitutes an admission of the independent facts that James Gavisk was killed by the agents and employees of the railroad company, and that Emma G. Gavisk was at the time of his death his lawful wife. The rule of law is that an admission of an independent, collateral or indifferent fact, though made during treaty for compromise, is admissible. (Phil. Ev. 431 and notes; 1 Greenl. Ev., § 192 and notes; Murray v. Coster, 4 Cord, 635–6; Marvin v. Richmond, 3 Denio, 58; Harrington v. Inhabitants of Lincoln, 4 Gray, 563; Cole v. Cole, 34 Me. 542; Corinth v. Lincoln, *id.* 310; Fuller v. Haupton, 5 Conn. 416; Sanborn v. Neilson, 4 N. H. 501; Mount v. Bogert, Anthon, 190; Turner v. Railton, 2 Espin. 174; Murray v. Coster, 20 Johns. 576; Hartford Bridge Co. v. Granger, 4 Conn. 1421; Marsh v. Gold, 2 Pick. 285–90; Gerrish v. Sweetser, 4 Pick. 374–7; Delogny v. Rentoul, 2 Mart. 175; Church v. Steele's Heirs, 1 A. K. Marsh. 328; Waldridge v. Kenison, 1 Espin. 143; Slack v. Buchanan, Peake's Cas. 5, 6; Tait on Ev. 293.) If evidence is admissible under any issue in the case, for any purpose, it should not be excluded. (Ruggles v. Gatton, 50 Ill. 412.)

*Wm. Douglas*, for respondent.

I. Even if there was error in admitting the letter of the president of defendant, that was not such an error as materially affected the merits of the action, and therefore this court cannot reverse the judgment for that reason. Without that letter the verdict must have been the same. (Gen. Stat. 1865, p. 548; § 40.)

II. But there was no error in admitting that letter. It was not an offer of compromise. It was an offer to pay a sum of money. It was made before the litigation commenced. It was not stated "expressly" or otherwise to be made without prejudice, nor was it made under any pending treaty. It does not

come within either the English or American rule of excluding compromise. (1 Greenl. Ev., § 192 and notes; Ferry v. Taylor, 33 Mo. 333.)

BLISS, Judge, delivered the opinion of the court.

This suit was brought under the second section of the damage act. (Wagn. Stat. 519.) The plaintiff's husband was employed by the company about a switch, and among his duties was to get on cars and let off and set brakes. A freight train was coming, and the conductor desired to throw eleven of the cars on the switch without stopping the train. To do this the conductor detached the engine while running, and then detached the eleven cars from those following. The switch was thrown open after the engine passed, so that the eleven cars entered upon the side-track, and then closed in time for the others to follow the engine. Two cars were standing upon the side-track with brakes set, and as the engine passed, the engineer called out to Gavisk to jump upon them and loose the brakes. He did so, swung his light (it was dark) toward the cars approaching, calling out, "Go slow, go slow!" They struck the car upon which he was standing, and he fell between the cars and was instantly killed.

Upon the trial the plaintiff's witnesses testified that the cars came upon the switch at an unusually rapid and dangerous rate; that it was a down-grade, etc.; but the conductor testified that the running was not more rapid than necessary to make the switch, and much less than the other witnesses had testified to. The plaintiff obtained judgment.

While the conductor was upon the stand, after having testified to his experience upon railroads, he was asked to "state whether or not, if James Gavisk had, at the time of the cars striking, been holding on to the brakes and exercising ordinary care and prudence in his own protection and preservation, he would have been thrown from the cars." This question was objected to and ruled out, and properly so. The only pretext for its admission would be upon the ground that he was an expert. An expert is supposed to have some special knowledge over and above men of ordinary education, derived from his peculiar pursuits or experi-

ence, that entitles his opinion to be received in evidence. But "when this experience is of such a nature that it may be presumed to be within the common experience of all men of common education moving in the ordinary walks of life, there is no room for the evidence of opinion; it is for the jury to draw the inference." (N. E. Glass Co. v. Lovell, 7 Cush. 321; see also White v. Ballou, 8 Allen, 408.) To have permitted this question would have been to take the case from the jury and submit it to the witness, and there was no fact involved in it that required peculiar or professional knowledge.

The court admitted the following letter in evidence, and its admission is assigned for error:

"PRESIDENT'S OFFICE, PACIFIC RAILROAD,
ST. LOUIS, July 23, 1868.

"To EMMA G. GAVISK, Knobnoster, Johnson Co., Mo.:

"Madam: At a meeting of the directors last Tuesday I was instructed to pay you as a donation, &c., $250. I am necessitated to go to New York this afternoon, and on my return (about the 20th of August) will remit you the money. Respectfully,

"E. G. GAVISK.            G. R. TAYLOR, President."

I do not think this letter should have been admitted. It was irrelevant, and its production would have a tendency to check charitable donations by the company to those who suffer in their employ, when there is no legal liability. And yet I cannot see how the defendant was injured by it upon this trial. It admitted nothing; it was simply an offer of charity to the suffering wife of an employee; and without going into the questions raised by counsel in relation to such offers, supposing them to be admissions, it is not such an error as should reverse the judgment.

Other questions were raised, of less weight than those considered, which I will not specify. The case was tried fairly, and the verdict was warranted by the evidence. The deceased was zealous in the performance of his duty; in making the running switch, which at all times requires great care and skill, the cars came in collision; with one hand he was swinging his light to warn the conductor, and it cannot be shown whether he was holding on to

the brake with the other and his hold was broken, or whether, in his eagerness to arrest the coming train, he neglected this precaution ; but there can be no presumption of carelessness. The only conflict of evidence was in relation to the rapidity with which the cars entered the switch, and the jury necessarily passed upon that matter, and believed the witnesses for the plaintiff. We can not say they were mistaken.

Judgment affirmed. Judge Adams concurs. Judge Wagner absent.