HENRY WESTHUS, Respondent, *vs.* FRANK H. SPRINGMEYER, *et al.*, Appellants.

1. *Practice, civil—Trial—Instructions—Answer—Mehanic's lien.*—Instructions in a trial in a mechanic's lien suit, alleging that the work was done under two contracts, and that the first is barred, although the answer had admitted that all the work was done under one contract, are inadmissible.

*Appeal from St. Louis Circuit Court.*

*Hitchcock. Lubke and Player,* for Appellants.

The plaintiff in his petition declared upon two distinct contracts, one being express and the other implied.

The express contract (the item of $371,) was done more than four months before the filing of the lien, and the plaintiff could not have a lien for that item. (See Livermore vs. Wright, 33 Mo., 31.)

*Finkelnburg and Rassieur,* for Respondent.

The pleadings in the cause, admit that the demand of plaintiff arose out of but one contract.

ADAMS, Judge, delivered the opinion of the court.

This was an action by the plaintiff as sub-contractor, on a mechanic's lien. The petition alleges that the plaintiff agreed with the original contractor to do all the painting, glazing, and furnish all the materials necessary thereto, on a house for defendant Boehmen; for certain specified items of said work, he was to be paid three hundred and seventy-one dollars, and for the remainder, being extra work performed in completion of the contract, he would charge reasonable prices, making a total of $413.50. That he completed the work under the contract on the 12th of September, 1870, and within four months thereafter filed his lien, &c.

The answer denies that the work was completed within four months before the filing of the lien, and denies that the lien contained a true statement of the account, &c., and sets up the further defense that the contractor had given his note to the plaintiff, which had been taken in full satisfaction of the debt.

The plaintiff replied, denying the new matter, and denying that the note was taken in satisfaction, and offered to deliver up the note.

Upon the trial the plaintiff gave evidence conducing to prove this case in all particulars. The defendants claimed that there were two contracts, one for the $371 dollars, and another for the extra work, and that the work for the $371 having been furnished more than four months before the filing of the lien was not covered by the lien, and the defendants asked instructions presenting this view of the case, which were refused. The instructions were properly refused. The answer admitted that the work was all done under one contract, and there was no ground upon which to base the instruction.

This point seems to have been an after-thought not raised by the pleadings, and yet it appears to have been the main ground relied on at the trial, and still there was no proof of two independent contracts.

The case seems to have been fairly put to the jury by the instructions, and the verdict and judgment were for the right party, and I see no error in the record.

Judgment affirmed. Judge Sherwood absent. The other Judges concur.