## NELSON DANIELLS v. ADELBERT ALDRICH.

*Warranty of a horse—Evidence—Hypothetical questions.*

In a suit on a warranty of a horse, evidence that two years after he was bought he killed himself in a fit of balking, is not too remote if it is shown that his balking was a common habit extending through the whole time. Evidence may also be given that he was balky three years before the sale.

Hypothetical questions are not erroneous if they contain no assumption not justified by the evidence.

In a suit on a warranty of a horse, it was shown positively, and was undisputed, that defendant assured plaintiff that the animal was a good work horse; that he was true and all right, and true as a dollar, kind as a kitten, and as good a horse as any in the county. *Held* that a refusal to require the jury to find specifically and report whether the defendant warranted the horse, and if so, in what words, was not error, as the evidence, if believed, was enough to make out a warranty and there could not have been any finding inconsistent with it.

Error to Clinton. Submitted Oct. 22. Decided Oct. 28.

ASSUMPSIT. Defendant brings error.

*A. Stout* for plaintiff in error. In an action on a warranty of a horse, testimony as to defects existing

long before or after the sale is too remote, Hilliard on Sales, 372, *n; Smith v. Swarthout*, 15 Wis., 550.

*Randolph Strickland* for defendant in error.

GRAVES, J. This action was brought by Aldrich to recover damages for breach of warranty of a horse Daniells sold to Aldrich. The purchase was made in the spring of 1877, and Aldrich claims that Daniells warranted the horse as kind and true, and that he was not so, but was balky. Aldrich recovered $105.

After the purchase Aldrich kept him and worked him until the next winter. But at that time, whilst being used in drawing wood, he balked, and becoming fractious, threw himself down and broke his neck. There was evidence of his balking the next day after Aldrich got him, and from time to time when put to service down to his death, and these freaks were not confined to any special service or circumstances, but were a common habit.

The objection that his behavior at the time he killed himself was too long after the trade was not well taken. It was the last of a series of vicious actions which began immediately after the purchase, and not an isolated instance, and went to prove, with the other occasions, a fixed vice in the animal at the time of the warranty, and the circuit judge was very careful to instruct the jury that it was only admissible to show his character and disposition at that time. The evidence that he was in fact a balky horse three years before was also unobjectionable. If balky at that time, it was much more likely that he would prove to be balky afterwards than if he had always been true.

We see nothing incompetent in the hypothetical questions objected to. They contained no assumption not justified by the evidence, and their admission was not error.

It is objected that the judge refused to ask the jury, at defendant's instance, to find specifically and report

whether the defendant warranted the horse in question to the plaintiff when he sold him, and if he did, then in what words. The evidence for the plaintiff was positive that the defendant assured him that the horse was a good work horse; that he was true and all right, and true as a dollar, and kind as a kitten, and was as good a horse as any in the county; and this evidence was not questioned by the defendant, and if credited by the jury it was enough to make out the warranty. The judge submitted it fairly, and the result is conclusive that they believed the evidence. A separate submission of the question would have been an idle ceremony, as there was no room for any inconsistent finding. The other question, if not otherwise objectionable, was immaterial. There was no dispute about the words imputed. The only thing open was whether they were in fact used, and the jury in effect decided that they were.

There is no error and the judgment must be affirmed with costs.

The other Justices concurred.