EUBANK v. THE CITY OF EDINA, *Appellant.*

1. **Corporate Existence:** PLEADING. The averment in an action against a city that it is a corporation created and organized under the provisions of article 3, of chapter 89, Revised Statutes, sufficiently alleges the incorporation of the city as one of the fourth class.

2. ———: ADMISSION OF. Where a public corporation appears to an action and makes an affirmative defence, like a private corporation, it admits its corporate existence.

3. ———: EVIDENCE. Where, without question or objection, the mayor and other officers testified as to their official capacity and a pamphlet purporting to be the ordinances of the city was put in evidence showing that defendant has a mayor, alderman and such other officers as cities of the fourth class have, the proof was ample that the defendant was a municipal corporation and a city of the fourth class.

4. **Defective Sidewalk:** EVIDENCE. In an action against a city for injury from a defective sidewalk it is competent to introduce evidence showing the condition of the walk, but it is for the jurors and not for the witnesses to determine from these facts whether under all the circumstances the walk was in a reasonably safe condition. The witnesses should not be allowed to state if they

Eubank v. The City of Edina.

knew whether the sidewalk was in a reasonably safe condition for the traveling public,

*Appeal from Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*S. B. Davis* and *O. D. Jones* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. No facts were proved to show that defendant was a city. *Robinson v. Jones*, 71 Mo. 582. (2) There was no evidence that the sidewalk was built by the city or received by it or that the city was under any legal obligation to keep it in repair. *Craig v. Sedalia*, 63 Mo. 417; *City, etc., v. Miller*, 66 Mo. 467. (3) Public streets of a city can only be located, laid out and named by ordinance and plat. *Carrol v. St. Louis*, 4 Mo. App. 191; *Parkinson v. St. Louis*, 4 Mo. App. 322. (4) It was proper to inquire of witnesses who had knowledge of the condition of the walk at the point of the injury whether one by ordinary care could pass the place without accident. *Craig v. Sedalia*, 63 Mo. 417. (5) The gist of the action was the negligence of the city and it must appear that the officers knew of the defect. *Schweickhardt v. St. Louis*, 2 Mo. App. 571.

*L. F. Cottey* for respondent.

(1) The city of Edina is bound to keep its streets, sidewalks, and public ways, in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel in the usual modes by night as well as by day, and will be held liable for all injuries happening by reason of its negligence in this respect. *Blake v. St.*

*Louis,* 40 Mo. 569; *Smith v. St. Joseph,* 45 Mo. 449; *Bowie v. Kansas City,* 51 Mo. 454; *Bassett v. St. Joseph,* 53 Mo. 290; *Hull v. Kansas City,* 54 Mo. 598; *Oliver v. Kansas City,* 69 Mo. 79; *Kiley v. Kansas City,* 69 Mo. 102; *Staples v. Canton,* 69 Mo. 592; *Beaudeau v. Cape Girardeau,* 71 Mo. 392; *Welsh v. St. Louis,* 73 Mo. 71; *Russell v. Columbia,* 74 Mo. 480; *Bonine v. Richmond,* 75 Mo. 437; *Loewer v. Sedalia,* 77 Mo. 431; *Schweickhardt v. St. Louis,* 2 Mo. App. 571; Dillon on Mun. Corp., secs. 789, 790 and 791, and case cited. (2) The petition states a good cause of action, clearly and fully set forth. The negligence of the corporation in regard to its duty, and ordinary care and prudence on the part of the individual, form the necessary elements of what it takes to constitute a cause of action. If the facts requisite to constitute a cause of action are necessarily inferable from the petition, it will be held good after verdict. Omission to state a material fact will be obviated if the pleading of the opposite party puts the matter in issue. *Smith v. St. Joseph,* 45 Mo. 449; *Bowie v. Kansas City,* 51 Mo. 454; *Bassett v. St. Joseph,* 53 Mo. 290; *Kiley v. Kansas City,* 69 Mo. 102; *Garth v. Caldwell,* 72 Mo. 622; *Edmonson v. Phillips,* 73 Mo. 57; *Alexander v. Campbell,* 74 Mo. 142; *Chouteau v. Gibson,* 76 Mo. 49; *McKonn v. Williams,* 77 Mo. 467; *Worth v. Springfield,* 78 Mo. 107; *Stewart v. Clinton,* 79 Mo. 603; *Slack v. Lyon,* 9 Pick. 62; Bliss on Code Plead. secs. 175 and 437, and cases cited; R. S., secs. 3546 and 3775. (3) All formal defects are waived when defendant fails to demur and answers over. *Sappington v. Ry. Co.,* 14 Mo. App. 86; *Hall v. Johnson,* 57 Mo. 521. (4) When a corporation is sued and appears to said suit, files an answer and defends, such appearance is conclusive evidence of its legal existence for the purposes of the pending suit, and no proof of that fact will be required. In this case the defendant having ap-

peared and answered is estopped to deny its own existence. *Hudson v. Railroad,* 53 Mo. 525; *Seaton v. Railroad,* 55 Mo. 416; *W hitehouse v. Railroad,* 64 Mo. 523; *Smith v. Railroad,* 55 Mo. 526; *Sappington v. Railroad,* 14 Mo. App. 86; Dillon on Mun. Corp. [2 Ed.] secs. 50 and 51; *Singer v. Railroad,* 6 Mo. App. 427; *Union Depot Co. v. St. Louis,* 8 Mo. App. 412; Bigelow on Estoppel [3 Ed.] 461 *et seq.,* and cases cited; *Ins. Co. v. Salt Co.,* 31 Mich. 346. (5) And in regard to corporations there is no distinction between municipal and private bodies. *Society for Savings v. New London,* 29 Conn. 192; *Railroad v. People,* 91 Ill. 251; *Martel v. East St. Louis,* 94 Ill. 67; *Roby v. Chicago,* 64 Ill. 447; *Railroad v. Joliet,* 79 Ill. 39; *Logan Co. v. Lincoln,* 81 Ill. 156; *Curnen v. New York,* 79 N. Y. 511; *Calhoun v. Emigrant Co.,* 93 U. S. 124, 130; Bigelow on Estoppel, 462. (6) The city of Edina, by appearing and answering in its corporate name and making the defence it did, admitted its corporate existence and is estopped from denying the same. (7) The testimony of experts is not admissible upon matters of judgment within the experience of ordinary jurymen. These witnesses did not profess to have any superior knowledge of such matters, and the jury was as competent as they were to draw proper conclusions from the appearance and condition of said sidewalk. The jury must draw their own inferences. *Wagner v. Jacoby,* 26 Mo. 530; *Newmark v. Ins. Co.,* 30 Mo. 160; *Gavisk v. Railroad,* 49 Mo. 274; *State v. Tompkins,* 71 Mo. 613; *Naughton v. Stagg,* 4 Mo. App. 271; Abbott's Trial Evidence, 586. Wharton's Evidence, sec. 512; *Loewer v. Sedalia,* 77 Mo. 431.

BLACK, J.—This is an action for personal damages, occasioned, it is alleged, by a defective sidewalk. The walk was three or four feet wide, and made of boards

from six to eight inches in width laid lengthwise with the street. At the place where the plaintiff was injured the outer plank had been removed, leaving a hole from ten to twenty inches beneath. The plaintiff, while walking on the boards at night when it was quite dark, stepped into the hole, his foot caught under the exposed stringer, and in the fall his leg was broken.

1.  The amended petition states that the defendant is a corporation, created and organized under the provisions of article 5, of chapter 89, Revised Statutes. The sufficiency of this allegation is challenged by a motion in arrest. The statute pleaded relates to cities of the fourth class. It was not necessary to plead the preliminary steps by which the city became organized under that statute. The general allegation, as made in the amended petition, is sufficient, no matter how or at what stage of the suit the question is raised. Bliss Code Plead., sec. 260. But conceding all this, it is then insisted that there was no proof to support the allegation as to plaintiff's corporate existence. The defendant appeared and answered by way of a general denial, and further stated that the sidewalk complained of was located in a part of the city of Edina where there was but little travel ; that defendant's officers had no notice of its defective character ; that the same was in a reasonably safe condition ; and that defendant was injured by reason of his own negligence. A private corporation, by appearing and defending in the corporate name, admits its corporate existence. *Seaton v. Railroad*, 55 Mo. 416 ; *Witthouse v. Railroad*, 64 Mo. 523. Where a public municipal corporation appears and makes an affirmative defence, based upon the fact that it is a corporation, we see no reason why the general rule as to private corporations should not be applied. Besides this the mayor and other officers testified as to their official capacity ; a pamphlet purporting to be the ordi-

nances of the city was put in evidence. All this was done without question or objection. These ordinances show that the defendant has a mayor, board of aldermen and such other officers as cities of the fourth class have, and the proof was ample, not only that defendant was a municipal corporation, but that it was a city of the fourth class, though better evidence might have been offered if called for.

2. Various witnesses were asked to state, if they knew of their own knowledge, whether or not the sidewalk was in a reasonably safe condition for the traveling public, which questions were excluded. There was no error in this ruling. The questions did no more than call for the opinion of the witnesses. It was entirely proper to put in evidence the facts showing, or tending to show, the condition of the walk, but it was for the jurors, not the witnesses, to determine from these facts whether under all the circumstances the walk was in a reasonably safe condition. To allow such questions to be answered would be to take the case from the jurors and submit it to the witnesses. *Gavisk v. Railroad*, 49 Mo. 274.

3. It is contended the case was tried upon the theory that no notice of the defect to defendant's officers was required to be shown ; but we do not so understand the record. A witness for defendant on cross-examination said : "I was a member of the board of aldermen, and I was on the sidewalk committee. The sidewalk was just six inches narrower where the piece of board was off. There was six or seven feet of space between where the sidewalk ended and the street crossing that had no sidewalk whatever. * * * The sidewalk was in that condition all the time before Mr. Eubank got hurt and I knew it for six or twelve months before Eubank got hurt." There was other evidence tending to show that the board had been off for months.

On this evidence the court gave the following instruction:

"If the jury believe from the evidence in the cause that the sidewalk in which the defect is alleged to have been and where the plaintiff is alleged to have been injured, was properly or safely constructed and laid down, and that prior and up to about the time of the alleged injury it appeared to be in a proper and safe condition, then if the evidence does not show that the defendant had actual knowledge of such defect, or the defect existed for such a length of time before the injury that the defendant, if exercising proper care and diligence, would have known of it, the jury should find a verdict for the defendant."

This instruction fairly enough presented the question of notice of the existence of the defect, and there was certainly evidence upon which to base it. The sidewalk was located at the outskirts of the city, not traveled to any great extent, and the real question in the case was whether it was in a reasonably safe condition for persons traveling thereon. This question was fairly submitted to the jury upon instructions favorable to defendant and of which complaint is not made.

The judgment is affirmed. All concur.