Caroline E. Blair, Respondent, v. Mound City Railway Company, Appellant.

St. Louis Court of Appeals, May 22, 1888.

Practice — Instruction — Comment on Evidence. — In an action against a street railway company for damages caused by the defendant's negligence in starting the car while the plaintiff was alighting, an instruction to the effect that certain acts of the plaintiff were "all that the law required of her, so far as diligence on her part in getting off the car is concerned," and that under such circumstances the starting of the car was "an act of negligence on the part of the defendant", is erroneous, as being a comment on the evidence.

Appeal from the St. Louis Circuit Court, Hon. Daniel Dillon, Judge.

*Reversed and remanded.*

Hitchcock, Madill & Finkelnburg, for the appellant: The court erred in giving the first instruction asked by plaintiff. In this instruction certain portions of plaintiff's evidence are selected and commented on, and the jury are told that if true they constitute diligence on the part of the plaintiff and negligence on the part of defendant. Singling out certain facts and instructing the jury as to the effect to be given them is erroneous. *Clay v. Railroad*, 17 Mo. App. 629; *Pourcelly v. Lewis*, 8 Mo. App. 593; *Weil v. Schwartz*, 21 Mo. App. 372, 382; *Jones v. Jones*, 57 Mo. 138; *Anderson v. Kincheloe*, 30 Mo. 520; *Fine v. Public Schools*, 39 Mo. 59, 67; *Rose v. Spies*, 44 Mo. 20; *Spohn v. Railroad*, 87 Mo. 74; *Judd v. Railroad*, 23 Mo. App. 57; *Miller v. Marks*, 20 Mo. App. 369. The first instruction for plaintiff is also erroneous in withdrawing from the jury the question of negligence and diligence. Where the facts are in dispute or the inferences which may be drawn from them are doubtful, the

jury must decide. *Barton v. Railroad,* 52 Mo. 253; *Meyer v. Railroad,* 40 Mo. 151; *Kelly v. Railroad,* 70 Mo. 604, 608. The court erred in refusing defendant's instruction on the subject of mere accident or misadventure. *Sawyer v. Railroad,* 37 Mo. 240, 260, 262; *Frick v. Railroad,* 75 Mo. 542; 1 Thompson on Negligence, 61, 338; 2 *Ibid.* 1234.

COLLINS & JAMISON, for the respondent: The trial court placed the law fairly before the jury in a few plain, forcible, and pointed instructions. It is not proper to single out one instruction and to complain of it as erroneous; all of the instructions are to be considered in their combination and entirety, and not as though each separate instruction was intended to embody the whole law of the case. *Talbot v. Mearns,* 21 Mo. 427; *McKeon v. Railroad,* 43 Mo. 405. The trial court committed no error in refusing defendant's instruction on the subject of mere accident or misadventure, because there was no evidence introduced or offered tending to show that the injury was caused by mere accident or misadventure, and it is error to give an instruction as to a material issue when there is no evidence on which to base such an instruction. *White v. Chaney,* 20 Mo. App. 389; *Bank v. Armstrong,* 62 Mo. 59.

PEERS, J., delivered the opinion of the court.

The plaintiff in this case is an aged negro woman, who sues for damages for personal injuries claimed to have been sustained by her through the negligence of the defendant company.

In her petition she alleges that she was a passenger on one of defendant's cars; that the car was stopped for the purpose of permitting her to alight therefrom; that while in the act of getting off the car, using due diligence and care, the agents, servants, and employes of the defendant in charge of the car, negligently and

carelessly and without giving plaintiff sufficient time to alight, put the car in motion, whereby she was thrown down upon the street, her leg and thigh fractured and broken in three places, and otherwise greatly injured and bruised. She asks for ten thousand dollars damages.

The answer is a general denial.

The case was tried before a jury which resulted in a verdict and judgment for plaintiff for five hundred dollars. After an unsuccessful attempt by motion to set aside the verdict and for a new trial, the case comes here by appeal.

The admission and rejection of testimony and the giving and refusing of instructions are assigned as error upon which we are asked to reverse the judgment.

Like almost every case of this character the evidence presented various disputed questions of fact for the jury, viz. : Whether the alleged accident occurred upon one of the defendant's cars or upon the car of another railway company operating cars on the same track ; whether the alleged accident was caused by any negligence on the part of defendant's agents or by the intervention of a stranger in ringing the bell as a signal for the car to start before plaintiff had fully alighted from the step of the rear platform ; whether the injury was the result of a mere accident for which neither party was to blame, or whether plaintiff contributed thereto by her own negligence in endeavoring to leave the car while in motion. The evidence tended to show that the accident was not made known to the employe of the defendant in charge of the car, and that defendant had no knowledge of the matter until suit was brought ; that the cars operated by the defendant were small cars in charge of a driver without a conductor, that the cars operated by the other street railway company were double platform cars and in charge of a driver and conductor. The evidence further tended to show that the defendant had a somewhat deformed limb before the accident occurred, one leg being a little

smaller and the foot averted ; that the injuries resulting
from the accident were contusions and bruises; the
surgeon who testified declined to say that there had
been any fractures, but that a fracture was suspected
when she was brought to the hospital, and that her
limb was put into a splint as for a fracture. She
remained at the hospital three months and was then
transferred to the poorhouse, and from thence to her
home in the city. It was further shown that the plain-
tiff went on crutches for a long time after the accident.

## I.

A careful inspection of the record does not justify
us in interfering with the judgment on account of the
testimony, nor is the same insisted on by defendant.
The evidence was very conflicting, but the jury having
found the issues for the plaintiff thereon, we will not
disturb their finding on that account.

## II.

The plaintiff asked, and the court gave, the follow-
ing instructions, against the objection of defendant .

"1. The court instructs the jury that if they
believe, from the evidence, that, on the eighth day of
September, 1885, the defendant was a street railway
company, engaged in the business of transporting
passengers, for hire, over certain streets of the city of
St. Louis, then it was the duty of defendant's servants
and employes on the occasion in question, if they had
stopped the car to let passengers get off, to stop the car
long enough for plaintiff, by the exercise of ordinary
care and diligence, considering her age, sex, and appar-
ent physical condition, to get off the car safely before it
was started, or suffered to start, and if the jury further
believe from the evidence, that on said eighth day of Sep-
tember, 1885, the plaintiff was a passenger on a car oper-
ated by the defendant, its servants, or employes, and that
plaintiff, as soon as said car stopped, for the purpose of

permitting passengers to alight therefrom, got up from her seat and walked at once, as fast as she reasonably could, out on the platform and down the step on the car without stopping on the way, then she did all the law required of her, so far as diligence on her part, in getting off the car is concerned, and if, under such circumstances, the defendant's servants or employes started the car while she was proceeding to alight, still using due and reasonable haste in getting off the car, such starting of said car was an act of negligence on the part of defendant, and a breach of its duty to plaintiff as a passenger on its road."

"2. Although the jury may believe, from the evidence, that on the occasion in question the car had started when the plaintiff attempted to alight, yet, if the jury believe, from the evidence, that the car had not stopped a reasonable length of time for her to get off, using reasonable diligence, considering her age, sex, and apparent physical condition, and that the motion of the car was yet slight, or almost imperceptible, when she attempted to step off, still it is for the jury to determine, under all the circumstances of the case, and the other instructions of the court, whether plaintiff was guilty of negligence in so endeavoring to alight."

"3. The court instructs the jury that if they believe from the evidence that the defendant is a street railway company, engaged in the business of transporting passengers for hire over certain streets of the city of St. Louis, and that on the eighth day of September, 1885, the plaintiff was a passenger upon one of the cars operated by the defendant, its agents or employes, and that defendant's car on the said occasion did not stop at the place where plaintiff desired to alight therefrom after being signaled to stop, a reasonable length of time for plaintiff, considering her age, sex and apparent physical condition, to get off the car before it started, and that the car, through the carelessness or negligence of defendant or its agent or servant in charge of said car, was started while the plaintiff, without negligence on her

part, was alighting from defendant's car, using ordinary care and diligence on her part, and that the plaintiff, by reason of such negligence and careless starting of the car, was thrown down and injured, then and in that case the jury will find for the plaintiff, and assess her damages at such sum as will compensate her reasonably for the injuries sustained by her, not exceeding the sum of ten thousand dollars."

"4. The court instructs the jury that the burden of proof is upon the defendant to show that the plaintiff, on the occasion in question, was herself guilty of negligence directly contributing to the injury in controversy."

"5. The court instructs the jury that if they find for the plaintiff, then, in estimating the damages, they should take into consideration the age and physical condition of the plaintiff, the pain and suffering occasioned her by the injury and naturally incident to the injury, the character of such injury, whether temporary or permanent, and in view of all of such facts award such sum not exceeding ten thousand dollars as in your judgment will be a just and reasonable compensation for the injury sustained."

The court also gave the following instructions as asked by the defendant:

"1. The court declares the law to be, and so instructs the jury, that though they may believe that the defendant was guilty of negligence, yet if they further believe from the evidence that the plaintiff, Caroline E. Blair, by the exercise of ordinary prudence and caution, could have avoided the accident, they must find for the defendant."

"2. The court declares the law to be and so instructs the jury, that if they believe that the plaintiff Caroline E. Blair was injured by reason of her own negligence, and not by the negligence of defendant, they must find for defendant, although they may believe that she was thrown to the ground by the car being in motion while she was in the act of stepping from said car."

"3.    If the jury believe from the evidence that the car upon which plaintiff was riding as a passenger at the time of the accident was not a car belonging to or operated by the defendant, the Mound City Railway Company, but a car of some other railway line, then the verdict must be for the defendant."

"4.    The court instructs the jury that if they have any sympathy for or prejudice against either of the parties to this suit, they must not permit such sympathy or prejudice to affect their consideration of the case, but they must decide the same according to the evidence under the law as given them in the instructions by the court."

"5.    The court declares the law to be, and so instructs the jury, that if they believe from the evidence in this case that the plaintiff, Caroline E. Blair, attempted to get off the rear platform of one of the defendant's cars while the same was in motion, and that the driver or person in charge of said car did not know, and by the exercise of reasonable diligence could not have known that she intended to alight from said car while in motion, and if they further believe that by reason of such an attempt and the motion of said car she was thrown to the ground and injured, then the jury must return a verdict for the defendant."

"6.    The court declares the law to be, and so instructs the jury, that the ground of plaintiff's action against the defendant is negligence on the part of the defendant, and such negligence is not to be presumed by the jury, but must be established by the plaintiff to their satisfaction by proof."

Defendant also asked the following instruction which was refused :

"If the jury believe from all the evidence in this case that the injury sustained by the plaintiff was the result of a mere accident or misadventure, and that the same was not caused by any negligence on the part of defendant or its servants, then they must return a verdict for the defendant."

The court gave the following instruction of its own motion, by altering one of the instructions asked by defendant:

"If the jury believe from the evidence in this case that the injury sustained by the plaintiff was not caused by any negligence on the part of defendant or its servants, then they must return a verdict for defendant."

The principal objections urged by the defendant are directed to the first and third instructions given by the trial court for plaintiff.

As to the first instruction it is argued that it recites certain features of the testimony favorable to plaintiff and unduly impressed them on the minds of the jury, embodying an argument on the facts and leading the jury, from a chain of supposed circumstances bearing on the question of negligence. We are of opinion that the objection to this instruction is well taken. It is certainly a commentary on the evidence. It singles out particular facts, elements of proof bearing on the question of negligence and tells the jury such "was an act of negligence on the part of defendant." In *Weil v. Schwartz*, 21 Mo. App. 375, an instruction which said: "The fact that defendant offered to guarantee the debt of the plaintiffs for ten per cent. thereof does not defeat a recovery in this case," was held faulty as a commentary on the evidence. So in *Jones v. Jones*, 57 Mo. 138, it was held in an opinion delivered by NAPTON, J., that "An instruction commenting on particular portions of the testimony, to the exclusion of others, although correct *pro tanto*, is calculated to mislead the jury and should be refused." In *Spohn v. Railroad*, 87 Mo. 14, it is said "that an instruction should not be given which singles out one statement in evidence and directs a verdict on the truth of such evidence in disregard of the other evidence. Such instructions are dangerous and should not be given on any occasion."

Applying the rules here laid down it is quite clear that the trial court in this case erred in giving this

instruction. It was not the province of the court to select certain facts shown by the evidence and tell the jury such was "all the law required as far as diligence on the part of plaintiff" was concerned, or that starting the car was "an act of negligence on the part of defendant and a breach of its duty to plaintiff as a passenger on its road." It was for the jury to determine from all the evidence in the case the question of diligence or negligence, and not for the court to determine that question by directing their attention to certain parts of the testimony and declaring the same negligence *per se*, as this instruction virtually does.

In view of the fact that the case will have to be retried, we may remark that we see no good reason why the court should not give defendant's instruction on the subject of accident or misadventure. *Sawyer v. Railroad*, 37 Mo. 241; 1 Thompson on Neg. 61, 338; 2 *Ibid.* 1234.

For the error in giving instruction number one in the form contained in the record, the judgment must be reversed and the cause remanded. So ordered. All concur.