Benjamin v. The Metropolitan Street Ry. Co.

ROSALIA G. BENJAMIN *et vir*, Respondents, v. THE
METROPOLITAN STREET RAILWAY COMPANY,
Appellant.

Kansas City Court of Appeals, June 21, 1892.

1. **Evidence:** QUALIFICATION OF EXPERT: EXPERT OPINION, ADMISSION.
The qualifications of an expert, and whether the subject is such as to
render the opinions of experts admissible, are preliminary questions
for the trial court, the decision of which is conclusive unless it
appears from the evidence to have been erroneous or founded on
error of law.

2. ———: BASIS OF EXPERT OPINION. An expert may give an opinion
based on a state of facts which he himself has witnessed, or which
are detailed to him by other witnesses, or which are put to him in the
form of a hypothetical case, and may state his reasons therefor by
which the jury may judge of the weight and value of the opinion.

3. ———: FACTS: RULE AS TO EXPERT OPINION: SCUTTLE HOLE. As a
general rule witnesses must state facts, and not their individual opin-
ion, but if the subject is one of science or skill, or one of which
observation and experience have given opportunity and means of
knowledge which exists in reason rather than in descriptive facts,
and hence cannot be intelligently communicated to others not familiar
so as to possess themselves of a full knowledge of it, there is a case
for expert evidence; and so such testimony is admissible as to
whether a certain scuttle-hole in a sidewalk was so constructed as to
be reasonably safe for passing pedestrians, etc.

4. ———: EXPERT QUESTIONS WITHOUT THE TESTIMONY. A hypothetical
question may assume any fact of which there is evidence on either
side and which is pertinent to the theories of the respective parties,
but such facts must be within the confines of the evidence, or the
opinion of the witness will be inadmissible; and several questions in
this case are *held* to be of the latter character and misleading to the
jury.

5. **Instructions:** COMMENTING ON FACTS. An instruction which com-
ments on the evidence giving certain facts undue prominence is
erroneous.

6. **Negligence:** UNSAFE SCUTTLE-HOLE: SCIENTER. A defendant can-
not be held liable for the negligently unsafe condition of a scuttle-
hole in a sidewalk, unless he knows or might have known thereof.

7. **Instructions**: LACK OF EVIDENCE. An instruction without evidence to support it is erroneous; especially so, where the evidence shows that the cause of the injury complained of is to be found outside the assumptions of the instruction.

8. ————: GIVEN IN OTHERS. It is not error to refuse instructions covered by others given for the party asking.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Pratt, Ferry & Hagerman,* for appellant.

(1) There was error in each ruling of the court below upon each objection made to each of the following questions: 14 to 44 inclusive. *First.* Such questions take the case from the jury and submit it to the witnesses. *Eubank v. Edina,* 88 Mo. 650, 655; *Gavisk v. Railroad,* 49 Mo. 274, 277; *Gutridge v. Railroad,* 94 Mo. 468, 472; *Muff v. Railroad,* 22 Mo. App. 584; *Belch v. Railroad,* 18 Mo. App. 80. *Second.* Whether a certain portion of the walk was safe or dangerous was not for the witnesses to say, even though they were experts. *Griffin v. Willow,* 43 Wis. 509; *Koons v. Railroad,* 65 Mo. 592, 597; *Eubank v. Edina,* 88 Mo. 650, 655; *Gutridge v. Railroad,* 94 Mo. 468, 472; *King v. Railroad,* 98 Mo. 235, 240; *Naughton v. Stagg,* 4 Mo. App. 271; *Reid v. Ins. Co.,* 58 Mo. 521; *Gavisk v. Railroad,* 49 Mo. 274, 277; *Bills v. Ottumwa,* 35 Iowa, 109; *Muldowney v. Railroad,* 36 Iowa, 463; *Hambleton v. Railroad,* 36 Iowa, 31; *Hughes v. Muscatine Co.,* 44 Iowa, 672; *Way v. Railroad,* 40 Iowa, 341; *Belair v. Railroad,* 43 Iowa, 662; *McDonald v. State,* 27 N. E. Rep. 358: *Ivory v. Deer Park,* 22 N. E. Rep. (N. Y.) 1080; *Bailey v. Railroad,* 8 N. Y. Sup. 780; *Bohr v. Neuneschorander,* 22 N. E. Rep. (Ind.) 416; *DeBerry v. Railroad,* 6 S. E. Rep. (N. C.) 723; *Yeaw v. Williams,*

15 R. I. 20; *Kold v. Ent. Co.*, 36 Ill. App. 419; *Lincoln v. Barry*, 5 Cush. 590; *Ryerson v. Abingdon*, 102 Mass. 526; *Kelly v. Fond du Lac*, 31 Wis. 179; *Montgomery v. Scott*, 34 Wis. 338. *Third.* Whether an appliance is carefully or carelessly constructed cannot be submitted to the witnesses. *Buxton v. Potter's Works*, 121 Mass. 446; *Mellar v. Utica*, 48 Wis. 457; *Grippen v. Town*, 43 Wis. 509; *Hopkins v. Railroad*, 78 Ill. 32; *Railroad v. Ryals*, 11 S. E. Rep. (Ga.) 499. (2) The verdict should have been set aside for these reasons: *First.* As a matter of fact, with the coal cover in place and as found by Seymour before he removed it to put the coal in, there was no danger. The physical fact established by the production of the cover binds even an appellate court. *Gurley v. Railroad*, 104 Mo. 212, 233; *Spohn v. Railroad*, 87 Mo. 74; *Hunter v. Railroad*, 116 N. Y. 615; s. c., 23 N. E. Rep. 9. *Second.* The negligence, if any, and the cause of the injury was the act of Seymour, for which the coal company, and not this defendant, is liable, because, under the facts, Seymour was not the servant of defendant. *Bennett v. Truebody*, 66 Cal. 509; *Clapp v. Kemp*, 122 Mass. 481; *McCullough v. Sherman*, 105 Pa. St. 169; *Fuller v. Bank*, 15 Fed. Rep. 875; *Sweeney v. Murphy*, 32 La. Ann. 628; *Stevens v. Armstrong*, 6 N. Y. 435; *Schermerhorn v. Gas Co.*, 5 Daly, 144; *Larow v. Clute*, 14 N. Y. Sup. 616; *Sawyer v. Martins*, 25 Ill. App. 521. *Third.* More than this, the coal company was an independent contractor, which excuses and relieves the defendant. *Bennett v. Truebody*, 66 Cal. 509; *McKinley v. Railroad*, 40 Mo. App. 449, 457; *Barry v. St. Louis*, 17 Mo. 121; *Clark v. Railroad*, 36 Mo. 202; *Blumb v. City of Kansas*, 84 Mo. 112. *Fourth.* The true test of defendant's liability, if any, under the facts in this case, was negligence in failing to discover that Seymour left the coal cover out of place. *Lampert v. Gas Co.*,

14 Mo. App. 376; *Kirkpatrick v. Knapp & Co.*, 28 Mo. App. 428; *Grogan v. Foundry Co.*, 87 Mo. 321; *Bennett v. Truebody*, 66 Cal. 509; *Clapp v. Kemp*, 122 Mass. 481; *Daniel v. Potter*, 4 Car. & P. 262; *Harrison v. Collins*, 86 Pa. St. 153; *Dougherty v. Waltham*, 4 Gray, 596; *Fisher v. Therkell*, 21 Mich. 1; *Clark v. Fry*, 8 Ohio, 358; Cooley on Torts [1 Ed.] 626. *Fifth.* Since the time the coal-cover was displaced before the accident could not have exceeded fifteen minutes, there could, in law, have been no negligence in failing to discover such displacement; the time was too short. *Lampert v. Gas Co.*, 14 Mo. App. 376; *Harrison v. Collins*, 86 Pa. St. 153; *Klapp v. Milwaukee*, 53 Wis. 196; *White v. Gloversville*, 12 Hun, 302; *Sheel v. Appleton*, 49 Wis. 125; *Blakely v. Fry*, 18 Hun, 157; *Muller v. Newburgh*, 32 Hun, 24; *Sikes v. Manchester*, 59 Iowa, 36. (3) Plaintiff's instruction 1 was erroneous for the following reasons: *First.* It was a comment upon the evidence by which certain facts were singled out and given undue prominence. *Blair v. Railroad*, 31 Mo. App. 224, 227; *Anderson v. Kincheloe*, 30 Mo. 520, 521, 525; *Clark v. Hammerle*, 36 Mo. 620; *Fine v. Pub. Schools*, 39 Mo. 59, 67; *Chappell v. Allen*, 38 Mo. 213, 222; *Jones v. Jones*, 57 Mo. 138; *Forrester v. Moore*, 77 Mo. 651, 659, 660; *Barr v. Kansas City*, 15 S. W. Rep. (Mo.) 483, 485; *Willmott v. Railroad*, 16 S. W. Rep. (Mo.) 500. *Second.* It was misleading in that it submitted to the jury the determination of the sufficiency of the cover when in place, whereas the undisputed evidence is that the cover in place was perfectly safe, and that it was Seymour's act in leaving it out of place that caused the injury. The cover in the form exhibited to this court establishes the "physical fact" of its sufficiency, which is conclusive even upon an appellate court. *Gurley v. Railroad*, 104 Mo. 211, 233;

*Spohn v. Railroad*, 87 Mo. 74; *Hunter v. Railroad*, 16 N. Y. 615; s. c., 28 N. E. Rep. 9.

*Scarritt & Scarritt*, for respondents.

(1) *First.* "The question as to the competency of a witness to testify as an expert is a question for the court." Rogers on Expert Testimony [2 Ed.] p. 39. *Second.* "The subject concerning which the witness is to testify as an expert is one which must be determined solely by the court." Rogers on Expert Testimony [2 Ed.] p. 27; *Thompson v. Ish*, 99 Mo. 160; *Dillard v. State*, 58 Miss. 368. *Third.* "Where the subject-matter of inquiry is such that inexperienced persons, in the ordinary walks of life, are likely to prove capable of forming a correct judgment upon it, etc., evidence." Rogers on Expert Testimony [2 Ed.] p. 19; *Taylor v. Town of Monroe*, 43 Conn. 36; *Muldowney v. Railroad*, 36 Iowa, 472; *Jones v. Tucker*, 41 N. H. 546; *Gutridge v. Railroad*, 94 Mo. 468. *Fourth.* The proper construction of a coal scuttle and cover of the character and for the uses of the one in question is certainly such a subject. *Fitts v. Railroad*, 59 Wis. 323; *Johnson v. Railroad*, 96 Mo. 340; *Branson v. Turner*, 77 Mo. 489; *Armstrong v. Railroad*, 47 N. W. Rep. 459; 45 Minn. 85; *Railroad v. Johnson*, 15 S. W. Rep. 104; 78 Tex. 536; *Sheldon v. Booth*, 50 Iowa, 209. *Fifth.* No substantial objection can be made to the form of the questions asked of the experts. *Johnson v. Railroad*, 96 Mo. 340; *Snowden v. Mfg. Co.*, 55 Cal. 450; *Ogden v. Parsons*, 23 How. 167; *Lapham v. Ins. Co.*, 24 Pick. 1; *Railroad v. Huntley*, 38 Mich. 537; *Fitts v. Railroad*, 59 Wis. 323; *Curtis v. Gano*, 26 N. Y. 426; *Chandler v. Thompson*, 30 Fed. Rep. 38; *Ward v. Kilpatrick*, 85 N. Y. 413; *Evarts v. Middlebury*, 53 Vt. 626.
(2) The jury found, under the instructions of the

court, that the defendant's negligence caused the injuries in question. The concurrent negligence of a third person (even though such a fact had been proven, and in this case it has not) would constitute no defense to this suit. *Yocum v. Trenton*, 20 Mo. App. 489; *Beck v. Railroad*, 102 Mo. 544; *Boggs v. Railroad*, 18 Mo. App. 275; *Railroad v. Shacklet*, 10 N. E. Rep. (Ill.) 899; *Keltner v. Railroad*, 29 Mo. App. 502; *Little v. Hackett*, 116 U. S. 366. Notice to or knowledge on the part of defendant of the defective coal hole is not essential to recovery. *Keitel v. Railroad*, 28 Mo. App. 657; *Hall v. Railroad*, 74 Mo. 298; *Dickson v. Hollister*, 16 Atl. Rep. 484; 123 Pa. St. 421; *Barr v. Kansas City*, 16 S. W. Rep. 483. (3) Plaintiffs' instructions 1 and 2 correctly declare the law in reference to this cause of action. *Calder v. Smalley*, 66 Iowa, 219; 23 N. W. Rep. 638; *Dickson v. Hollister*, 123 Pa. St. 421; 16 Atl. Rep. 484; *Irvine v. Wood*, 51 N. Y. 224; 10 Am. Rep. 603; *Ass'n v. Giles*, 33 N. J. L. (4 Vroom) 260; Dillon on Municipal Corporations, sec. 1032; *Dougherty v. Railroad*, 97 Mo. 647; *Yocum v. Trenton*, 10 Mo. App. 489. (4) There was abundant evidence to justify the giving of instruction 4 on the part of plaintiff.

SMITH, P. J.—The plaintiffs instituted this suit against the defendant company to recover damages for personal injuries sustained by plaintiff, Rosalia Benjamin, who is the wife of the other plaintiff, by falling into a scuttle-hole placed and maintained by defendant for its private use in a sidewalk adjoining its power house in Kansas City. The plaintiff had judgment in the court below, and defendant has appealed.

To maintain the issue in her behalf the plaintiff called an architect, and several civil and mechanical engineers as expert witnesses and submitted to them

a number of hypothetical cases for the purpose of eliciting their several opinions thereon, of which the following is a fair type of one class of them: "*Q. 14.* State whether or not a scuttle-hole which is about twenty-three inches in diameter, in the clear, the cover of which is about twenty-four inches in diameter across the top, and which has a flange of one-half inch of perpendicular depth, and which has a bearing on the rim on which it rests varying from three-sixteenths to one-half an inch, which is not fastened down in any way, or has any appliance by which it can be fastened or secured, and through which scuttle-hole it is customary and usual to convey large quantities of coal, and which is used continually for that purpose, from day to day, is in your opinion a reasonably safe and secure scuttle-hole for the purpose for which it is used as aforesaid."

The hypotheses of the foregoing case are quite within the limits of the evidence. The more important and difficult question is, do they constitute a subject concerning which the opinion of an expert can be properly received? This, and the further question whether a witness who is offered as an expert possesses the proper qualification, are preliminary questions for the trial court, the decision of which is conclusive unless it appears upon the evidence to have been erroneous or founded upon an error of law. *Perkins v. Stickney*, 132 Mass. 218; *Thompson v. Ish,* 99 Mo. 159; Rogers on Expert Testimony, 39. It is a rule that an expert may give an opinion based on a state of facts which he himself has witnessed, or which are detailed to him by other witnesses, or which are put to him in the form of a hypothetical case. Lawson on Expert Testimony, 221. And he may state the grounds or reasons for the opinion expressed.

This affords the jury an opportunity to judge of the weight and value of such opinion.

The general rule of evidence is that witnesses must state facts and not their individual opinion; but to this there are exceptions as well established as the rule itself. The governing rule deducible from the adjudicated cases seems to be that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge which exists in reason rather than descriptive facts, and, hence, cannot be intelligently communicated to others not familiar with the subject so·as to possess themselves of a full understanding of it. If there is a fact in a case which calls for scientific or professional knowledge, or for any peculiar knowledge or experience, or if it is one upon which men of common information are not capable of forming a judgment, it is a case for expert evidence. *Ferguson v. Hubbell*, 97 N. Y. 507; *Wycklen v. Brooklyn*, 118 N. Y. 424; *Engleman v. Sheehan*, 52 Mo. 220; *Gutridge v. Railroad*, 94 Mo. 408; *Gavisk v. Railroad*, 49 Mo. 274; *King v. Railroad*, 98 Mo. 235; *Gregory v. Chambers*, 78 Mo. 294; *Eubank v. Edina*, 88 Mo. 650; *Kendall v. Bain*, 46 Mo. App. 581; *Muff v. Railroad*, 22 Mo. App. 584.

The hypothetical case which plaintiff submitted to the experts for their opinion, we think, falls within an exception to the general rule just stated. Whether or not the scuttle-hole described in the hypothesis was so constructed as to be reasonably safe for pedestrians passing along the sidewalk, or for the purposes for which it was used, was a question upon which we think an expert might testify his opinion to the jury. *Johnson v. Railroad*, 96 Mo. 340; *Bronson v. Turner*, 77 Mo. 489; *Fitts v. Railroad*, 59 Wis. 323; *Armstrong v. Railroad*, 45 Minn. 85; *Railroad v. Johnson*, 78 Tex. 536; *Sheldon*

*v. Booth*, 50 Iowa, 209; *Payne v. Railroad*, 83 N. Y. 572. And this, too, without encroaching on the ground covered by the case of *Gutridge v. Railroad*, 94 Mo. 468, and other cases in this state of like import.

But there were also a number of hypothetical questions propounded to the witnesses in which the facts assumed were entirely without the scope of the evidence. While, in putting a hypothetical question, facts may be assumed, which there is evidence on either side tending to establish, and which are pertinent to the theories which the parties are attempting to uphold, yet the requirement of this rule that the fact embraced in the hypotheses in every case stated must be within the confines of the evidence, or the opinion of the witness will be inadmissible, is an unbending one. *Bomgardner v. Andrews*, 76 Tex. 574; *Hathaway v. Ins. Co.*, 48 Vt. 335; *Gurting v. State*, 66 Ind. 94; *Daniels v. Aldrich*, 42 Mich. 58.

There were several questions propounded to the experts in which it was assumed that the "rabbet" or "shoulder of the flange" around the rim was filled with gravel and coal, or coal dust, that displaced the cover of the scuttle-hole, and were all improper and should not have been allowed. The testimony of the plaintiff and that of her daughter, and indeed all of the other witnesses, was that the cover was in place at the time of the injury. There was not the slightest evidence of any displacement. Nor was there any evidence that the rabbet or flange in the rim was filled with gravel, coal or coal dust, but, on the contrary, there was evidence that it was free of these when the scuttle-hole was last used and closed. The witnesses were not asked to state what, in their opinion, would have been the effect of a person of plaintiff's weight stepping on a cover of a scuttle-hole like this one in question when the cover was in place, but were asked what would have

been the result if a person of plaintiff's weight had suddenly stepped upon the cover of a scuttle-hole slightly out of place in consequence of the accumulations of gravel, coal or coal dust in the rabbet or flange of the frame. But if the assumptions upon which this and similar questions were based had been within the evidence still we think they would not have been proper subjects of expert opinion, for the reason that they do not fall within any exception to the general rule requiring witnesses to state facts, and not conclusions. A man of common information would be as capable of forming a judgment on the facts assumed in such questions as an architect or civil or mechanical engineer or other person possessing any peculiar knowledge or experience. *Gutridge v. Railroad*, 94 Mo. 468; *King v. Railroad*, 98 Mo. 240; *Gavisk v. Railroad*, 49 Mo. 274; *Koons v. Railroad*, 65 Mo. 592. These questions were well calculated to mislead the jury to the prejudice of the defendant, and of this the plaintiff has a just ground of complaint.

II. The defendant complains of the action of the court in the giving and refusing of instructions. Owing to their great number and length, we shall, in passing upon the objections that have been lodged against them, be compelled to content ourselves with references only to them.

It is objected that the plaintiffs' first instruction, which, amongst other things, told the jury that if they believed that the defendant might, by the exercise of ordinary care and prudence, have rendered said scuttle-hole and cover safe, and not dangerous to persons passing over the same, either by securing or fastening such cover by a hinge, or by extending the width of the flange to an inch and one-half, or by increasing the width of the bearing surface of the cover upon the arm or shoulder to the width of an inch, or an inch and a

half, and that, by reason of defendant's failure to render and maintain said scuttle-hole and cover in a safe and secure and not dangerous condition, etc., was a comment on the evidence, by which certain facts were singled out and given undue prominence. The negligence charged in the petition was that the defendant "carelessly and negligently permitted the shoulder, or arm, on which the cover to said scuttle rested, to become covered and filled up to the level of the sidewalk with dust and dirt and fragments of coal, at the times herein complained of, so that the same was then, and for a long time prior thereto had been, in an unsafe, insecure and dangerous condition." The instruction is based on this theory of the case, and is obnoxious to the objection urged against it, according to these authorities: *Blair v. Railroad*, 31 Mo. App. 224, 227; *Anderson v. Kincheloe*, 30 Mo. 520, 521, 525; *Clark v. Hammerle*, 36 Mo. 620; *Fine v. Public Schools*, 39 Mo. 59, 67; *Chappell v. Allen*, 38 Mo. 213, 222; *Jones v. Jones*, 57 Mo. 138; *Forrester v. Moore*, 77 Mo. 651, 659, 660; *Barr v. Kansas City*, 16 S. W. Rep. (Mo.) 483, 485; *Willmott v. Railroad*, 16 S. W. Rep. (Mo.) 500. These facts were proper for the consideration of the jury, along with the other evidence, in determining this issue of facts.

This instruction was further erroneous in that it, in effect, told the jury that if the scuttle-hole was used by others in dumping coal into defendant's engine-room, the former of which was thereby rendered dangerous to persons passing by, and that the defendant could, by the exercise of ordinary care, have rendered it safe by the means already stated, this created a liability. The element of knowledge or notice on the part of defendant is omitted from the hypotheses of the instruction. Unless defendant knew, or might have known by the exercise of ordinary care, that the scuttle-

hole was rendered dangerous by the use made of it by those using it, there was no liability for the omission to perform the duty which it is contended rested upon defendant.

III. The defendant's second instruction is even more objectionable than the first, as being a commentary on the evidence.

IV. And, as to the third, it is sufficient to state that there is a total lack of evidence tending to show that, whenever coal was poured through the scuttlehole, the shoulder became filled up, so as said scuttlehole was thereby rendered unsafe to persons passing along on the sidewalk, etc. There was no evidence that the scuttle-hole was, at any time, left in the condition assumed by this instruction. Besides this, the uncontradicted evidence of Seymour, the teamster last using the scuttle-hole before plaintiff's injury, was that there was no dirt or coal in the rim or rabbet of the scuttle-hole; that he cleaned it out after using the scuttle-hole. And this statement finds corroboration in the testimony of the other witnesses, including the plaintiff and her daughter. They all concur in stating that, just before and at the time of the injury, the lid of the scuttle-hole was flush with the pavement. Of course, this could not have been so if there was an accumulation of coal in the rabbet, or in any part of it. If the facts embraced in the assumption of the instruction were found by the jury, this would not have authorized a verdict for plaintiff, for the simple reason that such negligence was not the cause of the plaintiff's injury. We must look elsewhere, according to the evidence, for a cause for the injury complained of.

V. No error is perceived in the action of the court in refusing the defendant's first, fourth, fifth, fourteenth and eighteenth instructions. Those given, for it covered sufficiently the same ground. The defendant

had no cause to complain of the action of the court in that regard.

The judgment must be reversed, and the cause remanded.    All concur.