KOONS v. ST. LOUIS & IRON MOUNTAIN RAILROAD COMPANY, APPELLANT.

1. **Personal Injuries to Child**: CONTRIBUTORY NEGLIGENCE OF PARENTS: INSTRUCTION. An instruction to the jury to find for plaintiffs, if they "believe from the evidence that plaintiffs negligently permitted their son to wander from his home and to go upon the turn-table of defendant, and that the son was killed by said turn-table, and that he was so young and inexperienced as not to possess sufficient judgment to warn him of the danger of the place or character of the machinery, and that he was killed by negligence and carelessness of defendant in not properly guarding and protecting said turn-table and keeping children from playing on the same" was held to be clearly erroneous ; but it was also held that, because of said instruction, the court would not reverse the judgment where it appeared that there was no evidence whatever that plaintiffs ever assented to, or approved of, their child going on the turn-table ; but, on the contrary, they prohibited his so doing.

2. **Evidence**: OPINIONS OF WITNESSES, NOT EXPERTS. The opinions of witnesses who are not experts, as to whether or not a turn-table is a dangerous machine, and as to whether or not it was gross carelessness to leave it unfastened or uncovered, are not competent evidence.

3. **Negligence**: CUSTOM OF OTHER RAILROADS. The custom of other railroads, as to keeping their turn-tables locked, is immaterial upon the issue, whether or not the defendant railroad was guilty of negligence in not doing so.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

The instruction referred to in the opinion of the court as the first instruction given, is as follows :

If the jury find from the evidence that the plaintiffs are husband and wife and father and mother of deceased, James R. Koons, and that James R. Koons was a child nine years of age, incapable of understanding the dangerous character of the turn-table in question, and if they find that said turn-table was used and operated by defendant in connection with its said road, and that it was located in a public place near the passenger station and adjacent to the business and residence portion of the town of Piedmont, and that it was a dangerous machine and was by defendant left open, uncovered and unfastened, so that children could and were in the habit of playing in and about and turning the same with other children, that plaintiffs' son was caught between the ends of the timbers of the turn-table and the immovable track and thereby was crushed and killed, and if they further find that its agents or employees were guilty of negligence in setting up or keeping such a machine in a public place open, uncovered and unfastened and permitting children to frequent and play on and turn said machine, then the jury will find for the plaintiffs, and assess their damages at such sum as they may deem fair and just, having regard to the mitigating or aggravating circumstances attending such negligent conduct of defendant, not exceeding five thousand dollars.

*Thoroughman & Warren and W. R. Donaldson* for appellant.

1. The court erred in permitting plaintiffs' witnesses, against defendant's objection, to answer the question, "Do you think the turn table dangerous?" It did not call for facts, but for the opinion of the witnesses and substituted their judgment for that of the court or jury. The case did not require the testimony of, nor did these witnesses testify as, experts. *Sparr v. Wellman,* 11 Mo. 230; *Gavisk v. Pacific R. R.* 49 Mo. 274; *Winters v. H. & St. J. R. R.,* 39 Mo. 468; *Dickerson v. Johnson,* 24 Ark. 251.

2. The court erred in permitting, against defendant's objection, the question to be asked the witnesses, "What is your understanding in regard to railroads keeping their turn-tables locked?" The usage of other railroads was immaterial to the issues, and certainly the "understanding" as to such usage, of witnesses who do not appear to have any knowledge of it, is incompetent.

3. Plaintiff's first instruction assumes controverted facts, and such an instruction is erroneous. *W. M. F. Ins. Co. v. St. Mary's Sem.*, 52 Mo. 492; *Wyatt v. Citizens R'y. Co.*, 62 Mo. 408; *Sawyer v. Han. & St. Jo. R. R.*, 37 Mo. 249; *Mead v. Brotherton*, 30 Mo. 201. It is also erroneous as to the assessment of damages. The evidence of the jury must be based upon evidence and not mere conjecture. *Quin v. Moore*, 15 N. Y. 432; *James v. Christy*, 18 Mo. 162; *Coover v. Moore*, 31 Mo. 574.

4. Plaintiffs' instruction No. 3, in substance lays down the proposition that, although the plaintiffs negligently permitted their son to go upon the turn-table, they well knowing the danger, and the inexperience of the child, yet if the turn-table was not properly guarded and protected so as to keep children from going upon the same, they must find for plaintiffs.

We respectfully submit that this position is at war with every authority. The instruction wholly ignores the question whether the admitted negligence of plaintiffs, or that charged against defendant, was the proximate cause of the injury; and violates the rule that where the negligence of both parties produces the injury, no action will lie. It is not disputed that the turn-table was private property of defendant, intended for its own sole use. *Schaabs v. W. S. Wheel Co.*, 56 Mo. 173; *Straub v. Soderer*, 53 Mo. p. 38; *Sweeney v. O. C. & N. P. P. R'y*, 10 Allen 368; Shear & Redf. on Neg., § 498; *Meyers v. C. R. I. & P. R. R.*, 59 Mo. 223; *Maher v. A. & P. R. R.*, 64 Mo. 267.

*Emerson & Dillingham* for respondent.

1st. The plea of contributory negligence is a legitimate one when defendant has not been guilty of gross carelessness and negligence himself. But in a case like the one at bar, it is trifling with good sense to maintain that this defendant may set up and keep such a dangerous machine, so inviting to children, unfastened and unguarded, and then claim that, because children escape from home and are attracted by the charms of play about and on such a machine as this, there is such contributory negligence as prevents a recovery. *Isabel v. Hannibal & St. Jo R. R. Co.* 60 Mo. 482; *Stout v. Railroad Co.* 17 Wall. 657; *Schmidt v. Milwaukee &c,. R. R. Co.,* 23 Wis. 186; *R. R. v. Gladmon,* 15 Wall. 401; *B. & O. R. R. v. State,* 36 Md. 366; *Coombs v. N. B. Cordage Co.,* 102 Mass. 572; *Gray v. Scott,* 66 Penn. 345; *B. & O. R. R. Co. v. State,* 30 Md. 47; *Ihl v. 42nd St. R. R. Co.,* 47 N. Y. 317; *B. & I. R. R. Co. v. Snyder,* 18 Ohio State, 414; *Noris v. Litchfield,* 35 N. H. 271; *Kennedy v. N. M. R. R. Co.,* 36 Mo. 363.

NAPTON, J.—The third instruction given for the plaintiffs in this case was clearly erroneous. This instruction was

1. PERSONAL INJURIES: contributory negligence of parents.

"that if the jury believe from the evidence that plaintiffs negligently permitted their son James R. Coons, to wander from his home and to go upon the turn-table of the defendant, and was killed by said turn-table, and that said James R. was so young and inexperienced as not to possess sufficient judgment to warn him of the danger of the place or character of the machinery, and that he was killed by negligence and carelessness of defendants in not properly guarding and protecting said turn-table, and keeping children from playing on the same, they will find for plaintiff." This instruction seems to have been based upon certain remarks of Mr. Justice Hunt in the case of *Railroad v. Stout* (17 Wallace), where the boy injured, who was 6 years old, was the plaintiff, and the defense disclaimed any defense resting on the ground that plaintiff's parents were negligent, or that the plaintiff was negligent, as he was only six years old. But

in the present case the boy was killed, and his father and mother are the plaintiffs. To say that if they negligently allowed their son to go and play on the turn-table, it would be no contributory negligence, would be going further than the decided cases, either here or elsewhere, authorize. It would be equivalent to saying that if they sent their boy, and encouraged him to resort to this machine as a play ground, they would still be entitled to recover, notwithstanding their negligence, because the machine was, through the negligence of the railroad company, left so that it could be used by children for such purposes; and thus the plaintiffs would be allowed to recover for their own negligence, without which the accident could not have happened. In the case of the *Railroad v. Stout*, the child was not killed but crippled, and he was the plaintiff and not his parents, and it was conceded that there was no negligence on the part of the parents, and that as the child was only six years, none could be predicated of the child, and therefore the only question was as to the liability of the company, by reason of their leaving the turn-table unlocked. The cases are materially different in this respect, and it is strange that the third instruction was asked and given, especially in view of the testimony, which had no tendency whatever to establish any such negligence on the part of the plaintiffs. There was not a particle of evidence that the father permitted his son to go on this turn-table. The only testimony on the subject was the evidence of the father, and he stated that he warned and ordered an older brother of the boy killed, not to go on this turn-table, in the presence of the younger boy, who was killed, and of course such advice or direction was equivalent to a prohibition to the younger son.

As the boy killed in this case was 9 years old, the court gave the further instruction that " if they believe from the evidence that James R. Koons was of sufficient age and discretion, and of sufficient judgment to know the dangerous character of the defendant's turn-table, and was killed

in consequence of his own negligence, or might have averted the injury by the exercise of ordinary care and prudence, they ought to find for the defendants." Under this instruction the jury must have found that there was no contributory negligence on the part of the boy.

It is objected, in this case, that the plaintiff's witnesses were allowed to state, in answer to direct questions, that 2. EVIDENCE: opinion of witnesses, not experts. they thought the turn-table a dangerous machine, and one of the witnesses was allowed to state that he thought the turn-table dangerous, and that it was gross carelessness for the company to leave it unfastened or without covering. Several witnesses were also asked as to the custom of railroads generally, as to keeping their turn-tables locked. The witnesses gave their opinions on both these points. That such testimony was inadmissible, we suppose hardly needs any citation of authorities. It is true that the testimony, exclusive of this objectionable portion of it, clearly showed that the turn-table was a dangerous machine to be used by children, and the death of the plaintiff's child might be considered sufficient of itself to establish that fact, and it might be inferred that to leave such machinery, in the midst of a village of 1,000 inhabitants, without any protection, by locks, or floors, or covering, was gross negligence on the part of the defendant corporation. This was, however, the question the jury were called upon to decide. How far their verdict might have been influenced by the opinions of these witnesses, who did not pretend to be experts, it is impossible for us to say.

The custom of other railroads was perfectly immaterial; if that custom had been the reverse of what the witnesses 3. NEGLIGENCE: custom of other railroads. stated it to be, it would certainly have furnished no defense to the defendant. It was the province of the witnesses to state facts, and for the jury to draw their inferences from these facts. The first instruction given by the court was substantially correct, and we would not reverse the judgment because of the

third instruction, for the reason that there was no evidence whatever that plaintiff ever assented to or approved of his child going on the turn-table, but on the contrary, that he prohibited his so doing. But on the trial, the opinions of witnesses were repeatedly called for and admitted, and although we might concur in the opinion of these witnesses and that of the jury, the defendant was entitled to have the case tried according to law. Judgment reversed, and case remanded. The other Judges concur.

REVERSED.