## F. G. EVANSICH, Sr., v. GULF, COLORADO AND SANTA FE RAILROAD.

### SUPREME COURT, AUSTIN TERM, 1882.

*Damages—Liability of Railroad company for damages to parent for injury to child.*—A father may maintain an action for the loss of the services of his child during minority, and for all necessary expenses and losses incurred in its attention while sick from an injury caused by the negligence of another, notwithstanding an action may be maintained in behalf of the child for such injury as gives personal damage to himself.

Appeal from Washington county—Opinion by Stayton, J.—This action was brought by appellant against the appellee to recover actual damages for expenses incurred by him for medical bills, medicines, nursing and loss of time during the confinement of his infant son, alleged to have been caused by injuries received by the child while playing upon a turntable owned by the appellee and situated in the city of Brenham, in a public place near a public street. The situation of the turntable in reference to his residence, its public position, its dangerous structure; that children are accustomed to play on the turntable; that servants of appellee knew that fact; that it was unguarded, unenclosed, and in no way fastened; that without his consent or knowledge, and contrary to his orders, the child went to the turntable and was there seriously injured while playing thereon with other children (the nature and character of the injuries being given); that in consequence of the injuries received by the child he was compelled to employ a physician, purchase medicines, and spend time in nursing the child, and incur other expenses and suffer other losses (the expense of all of which was stated), were alleged.

Demurrers were filed to the petition, which, in substance, set up that the petition was insfficient, because it appeared therefrom that the turntable was upon the premises of the appellee; that the child was a trespasser; that he was hurt by his own improper act.

The demurrers were sustained and the cause dismissed.

The facts stated in the petition showed that the child was injured

4D

by the negligence of the appellee under such circumstances as to render it liable for damages to the father, and also to the child. (Railroad Company v. Street, 17 Wallace, 660; K. C. Ry. Co. v. Fitzsimmons, 22 Kansas, 687; Koons v. St. Louis, etc., Railroad, 65 Mo., 592; Keifer v. Milwaukee, etc., Ry. Co., 21 Minn., 207.)

The petition also negatived negligence upon the part of the plaintiff, and alleged want of discretion in the child, which was only seven years of age.

The plaintiff may maintain an action for the loss of the services of his child during minority, and for all necessary expenses and losses incurred in its attention while sick from an injury caused by the negligence of another, notwithstanding an action may be maintained in behalf of the child for such injury as gives personal damages to himself. (Railroad v. Miller, 49 Texas; Woods' Master and Servant, sec. 227; 2 Thompson on Negligence, 1260.)

For the error of the court in sustaining demurrer to the petition, the judgment of the district court is reversed and the case remanded. *