CATHARINE MUFF, Respondent, v. WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. WITNESSES—PROVINCE OF AS TO OPINIONS, BELIEF BY—RULE CONCERNING AND EXCEPTIONS.—*Generally*, "opinions, belief, deductions from facts, and such like, are matters which belong to the *jury;* and when the examination extends to these, and the judgment, belief, and inferences of a witness are inquired into as matters proper for the

consideration of a jury, their province is, in a measure, usurped."
"Witnesses are to state *facts*, not *opinions*, except in those cases where experts are allowed to state opinions." But "there is a class of cases in which the opinions of witnesses are received *ex necessitate,* as the *only* means of ascertaining a fact pertinent to the issue." "The competency of *this* evidence rests upon two conditions : *first,* that the subject matter cannot be reproduced t the jury precisely as it appeared to the witness; and, *second,* that the facts are such as men in general are capable of comprehending and understanding."

2. ——— PRACTICE—INCOMPETENT EVIDENCE.—Where the opinions of the witnesses were not competent evidence, under the foregoing rule, as in this case, it is error for the trial court to overrule objections to it. This court cannot know what weight the jury gave to such evidence, and the party complaining is entitled to the opinion of the jury upon the facts in issue, upon competent evidence.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action, begun in the circuit court, for the recovery of damages on account of the alleged killing of a certain mare, the property of plaintiff, by the defendant. One of the issues in the case was, as to whether or not the mare had been struck or run over by a train or engine of defendant.

No one saw the mare injured. One of plaintiff's witnesses testified : "The next morning I found her on the railroad, on the west side of the track, a little way south of a large culvert on the railroad, in Epperson's field. The flesh was stripped from near her body to below her knee, and hung down over the knee, so I could see the bone. They kept her about four days and had to kill her. I think she was worth one hundred and seventy-five dollars. I saw hair on the culvert like the mare had been on it. It looked like the mare had been running from the train, ran into the culvert. The tracks indicated it."

The plaintiff then asked the witness the following question .

Q. " State what, in your opinion, judging from the nature of the injury, and all the circumstances in the case, caused the injury ? "

Against the defendant's objections, the court permitted the witness to answer the question. The answer was as follows :

"A. From what I saw, my opinion is, that she ran into the culvert and the train knocked her out of it. I think this from what I saw, the tracks of the mare running into the culvert ; the hair on the culvert, and the print where the mare fell on the west side of the culvert."

The plaintiff asked the same witness the following question :

Q. " Do you think it possible for the mare to cause the injury you saw on herself ? "

Against the defendant's objections, the court permitted the witness to answer the question. The answer was as follows :

A. " I don't think she could have hurt herself, unless she had been pushed by something."

To another witness the plaintiff put the following interrogatory :

Q. " State if it was possible for the mare to have inflicted the injury on herself ? "

The court permitted the witness to make answer. The answer was as follows :

A. " I don't think it possible for her to have hurt herself. I think the train must have struck her. The tracks led to within ten feet of the culvert."

GEO. S. GROVER, for the appellant.

I. The court admitted incompetent evidence. *Sparr v. Wallman*, 11 Mo. 231 ; *Wetherall v. Patterson*, 31 Mo. 458 ; *Gavisk v. Railroad*, 49 Mo. 274 ; *White v. Maxey*, 64 Mo. 552 ; *Koons v. Railroad*, 65 Mo. 592 ;

*Nichols v. Winfrew*, 79 Mo. 544; *Messner v. People*, 45·
N. Y. 1; *Eaton v. Veeley*, 28 Wis. 628; *Bissell v. Vest*,
35 Ind. 54; *Ames v. Snider*, 69 Ill. 376; 2 Wharton's·
Evid. (2 Ed.) sect. 510; "Lawson on Expert & Opin. Evid.
204; Rogers on Exp. Testimony, 4; *Blewett v. Railroad*,
72 Mo. 583.

II.   Defendant was, at least, entitled to a fair trial·
upon competent evidence.   *Koons v. Railroad*, 65 Mo.
597.

CHAS. P. HESS, for the respondent.

I.   The verdict is for the right party.   There was·
abundant testimony to submit to the jury as to how the
animal was injured.   *Blewett v. Railroad*, 72 Mo. 583.

II.   The witnesses were not experts; their testimony
was not *expert* testimony, but such as is proper and
admissible to be given by persons not experts.   *Com. v.
Sturdevant*, 117 Mass. 122; 1 Greenl. Evid. (13 Ed.) sect.
440; 2 Best Evid. (Wood's Ed.) sect. 517; Starkie on
Evid. (10 Am. Ed.) 95.

III.   In the absence of evidence to the contrary, the
natural inference is, that the animal was struck and in-
jured by defendant's locomotive and cars, and direct
proof is not necessary.   *Jantzen v. Railroad*, 83 Mo.·
172; *Gee v. Railroad*, 285; *Ehret v. Railroad*, 20 Mo.·
App. 251.

HALL, J.—The only question in this case is, as to·
the action of the circuit court in overruling defendant's·
objections to the evidence of the opinions of the wit-
nesses.

Generally, "opinions, belief, deductions from facts,
and such like, are matters which belong to the jury; and
when the examination extends to these, and the judg-
ment, belief, and inferences of a witness are inquired
into as matters proper for the consideration of a jury,
their province is in a measure usurped; the judgment of
witnesses is substituted for that of the jury." 1 Phillips·

on Evidence, 785 *n;* *Koons v. Railroad,* 65 Mo. 597. "Witnesses are to state facts, not opinions, except in those cases where experts are allowed to state opinions." *Id.*

This is certainly the general rule. But " there is a class of cases in which the opinions of witnesses are received *ex necessitate* as the only means of ascertaining a fact pertinent to the issue." 1 Phillips on Evidence, *supra.*

The exceptional rule applicable to this class of cases is very fully considered in the case of *Commonwealth v. Sturtivant* (117 Mass. 122). It is therein stated : "The competency of this evidence rests upon two necessary conditions : first, that the subject matter to which the testimony relates, cannot be reproduced or described to the jury precisely as it appeared to the witness at the time ; and, second, that the facts upon which the witness is called to express his opinion, are such as men in general are capable of comprehending and understanding."

In the case at bar, the first necessary condition was wanting. The witnesses fully and completely described to the jury all that they saw. The facts upon which the witnesses based their opinions were as fully presented to the jury as they were known by the witnesses. The jury were as well prepared to form an opinion upon the facts as were the witnesses. And this case falls within the general rule and not within the exceptional rule. The opinions of the witnesses were not competent evidence ; the court erred in overruling defendant's objections to such evidence. It is true, that without such incompetent evidence there was sufficient evidence to have authorized the jury to find in favor of plaintiff, that is, that there was an actual collision between the mare and one of defendant's trains. This, the jury might have found from the evidence, but they did not have to so find. They might or might not have so found in the absence of incompetent evidence. We cannot say what they would have found in the absence of such evidence.

In other words, we cannot say that no harm was done to the defendant by the incompetent evidence. We do not know what weight the jury gave to such evidence. The defendant is entitled to the opinion of the jury upon the question of an actual collision, based upon competent evidence. *Koons v. Railroad, supra.*

Judgment reversed and cause remanded. All concur