COURT COMPTON and AGNES COMPTON, Respondents, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 22, 1910.

1. **RAILROADS: Negligence: Injury to Child on Track: Evidence Held Sufficient.** In an action for the death of a child, evidence that an engine pushed cars against other cars which were standing adjacent to a public crossing, causing them to move forward with rapidity and without warning that they were about to be moved and run upon the child, who was on the crossing in the act of going across the tracks, and inflicting injuries from which he died, was sufficient proof of defendant's negligence.

2. ——: ——: ——: ——. Evidence that the child was seen on the crossing walking toward the tracks as though he intended to cross them, just prior to the cars being run upon him, was sufficient to prove he was in the act of passing over the tracks at the time of his death.

3. ——: ——: ——: **Conflicting Evidence: Question for Jury.** The evidence being conflicting as to whether the child was crossing over the tracks, or was swinging on a car, at the time he was struck, the determination of those questions was for the jury.

4. **PLEADING: Allowing Recovery on Theory not Counted on.** A person may not count on one cause of action and recover on another, even though the latter would be a good cause of action if properly pleaded.

Compton v. Railroad.

5. **RAILROADS: Negligence: "Turn-Table Cases:" Rationale of Doctrine.** The doctrine of the "turn-table cases" is substantially to the effect that turn-tables being dangerous machines and peculiarly attractive to children, are treated as attractive nuisances, tending to invite children to play about them and entail injury unless properly enclosed or otherwise guarded.

6. ———: ———: **Cars Standing on Track: "Turn-Table Cases" not Applicable.** The doctrine of the "turn-table cases" is not to be invoked with respect to railroad cars standing on a private switch of the railroad company, for such cars, even though unguarded, are not liable to be moved by,' and inflict injury upon, small children; the only obligation of the railroad company being not to suddenly move the cars without proper warning.'

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*Robert T. Railey* and *James F. Green* for appellant.

(1) There was not sufficient testimony to justify a finding that plaintiffs' child was struck on the crossing, and therefore the court should have directed a verdict for the defendant. A verdict cannot be based on mere conjecture. Connelly v. Railroad, 113 S. W. 235; Lynch v. Railroad, 112 Mo. 432; Moberly v. Railroad, 98 Mo. 183; Rapp v. Railroad, 106 Mo. 423; Peck v. Railroad, 31 Mo. App. 128; Myers v. City, 108 Mo. 480; Haynes v. Trenton, 133 Mo. 126; Moore v. Railroad, 28 Mo. App. 622; Patton v. Railroad, 179 U. S. 658; Warner v. Railroad, 178 Mo. 125; Goranson v. Mfg. Co., 186 Mo. 307; Caudle v. Kirkbride, 117 Mo. App. 412; Swearingen v. Railroad, 120 S. W. 773. (2) The court erred in giving plaintiffs' instruction No. 2. Barney v. Railroad, 126 Mo. 382; Roddy v. Railroad, 104 Mo. 247; Rushenberg v. Railroad, 109 Mo. 117; Swartwood v. Railroad, 111 S. W. 306; Witte v. Stifel, 136 Mo. 302; DeBolt v. Railroad, 123 Mo. 506;

Kelly v. Benas, 217 Mo. 11; 2 White on Personal Injuries on Railroads, sec. 1102, p. 1641. (3) Said instruction No. 2 is also erroneous in that it authorizes a recovery on a cause of action not alleged in the petition. Chitty v. Railroad, 148 Mo. 74; Yarnell v. Railroad, 113 Mo. 570; Walheir v. Railroad, 71 Mo. 514; McManemee v. Railroad, 135 Mo. 440; McCarty v. Railroad, 144 Mo. 397; Ecton v. Railroad, 125 Mo. App. 230; Bromley v. Lumber Co., 127 Mo. App. 158. (4) The court also erred in giving plaintiffs' instruction on the measure of damages. Wilburn v. Railroad, 36 Mo. App. 215; Camp v. Railroad, 94 Mo. App. 284; Stephens v. Railroad, 96 Mo. 207; Badgley v. St. Louis, 149 Mo. 122; Hart v. Railroad, 94 Mo. 256; Parsons v. Railroad, 94 Mo. 286; Goss v. Railroad, 50 Mo. App. 614; Smith v. Fordyce, 190 Mo. 30; Carpenter v. McDavit, 53 Mo. App. 404.

*William Hilkerbaumer* for respondents.

(1) There is ample evidence shown by the record justifying a submission of the case to the jury and the finding of a verdict by them for the plaintiff, because there was nothing in plaintiffs' proof permitting any inference that the deceased was a trespasser, and the inference from plaintiffs' proof that the boy was struck by defendant's car while on the board crossing is not only fair, but convincing. Defendant's evidence should not be considered in determining this point. Moore v. Transit Company, 194 Mo. 1; Holloway v. K. C. 184 Mo. 19; Hollweg v. Bell Tel. Co., 195 Mo. 149; Taylor v. Iron Co., 133 Mo. 349; Frick v. Railroad, 75 Mo. 595; Montgomery v. Railroad, 181 Mo. 477; Dertring v. Transit Co., 109 Mo. App. 524; Baxter v. Transit Co., 103 Mo. App. 597; Morrow v. Pullman, 98 Mo. App. 351; Chinn v. Railroad, 100 Mo. App. 576. (2) The court did not err in giving instruction 2. Barney v. Railroad, 126 Mo. 372;

Elliott on Railroads, sec. 1260; Louisville & N. v. Popp. (Ky.), 27 S. W. 992; Ostertag v. Railroad, 64 Mo. 421; Schmitz v. Railroad, 119 Mo. 256; Kelly v. Benas, 217 Mo. 11; Cyc. Vol. 29, pp. 464-7; Fink v. Mo. Furnace Co., 10 Mo. App. 61; Kelly v. Parker-Washington Co., 107 Mo. App. 490; Dwyer v. Railroad, 12 Mo. App. 597; Schmidt v. Distilling Co., 90 Mo. 284; Cahill v. Stone Co., 96 Pac. 84; Denver Tramway v. Nichols, 84 Pac. 813; Fort Worth Ry. v. Cushman, 113 S. W. 198; Sackewitz v. Biscuit Co., 78 Mo. App. 144; Fullerton v. Railroad, 84 Mo. App. 498; Schroeder v. Michel, 98 Mo. 43. (3) Instruction No. 2 was proper under the pleadings, because it properly qualified instructions asked by defendant to the effect that the defendant was not liable if deceased was a trespasser, which was an affirmative defense. (4) The court did not commit error in giving plaintiffs' instruction on the measure of damages. Acts 1905, p. 135; Potter v. Railroad, 136 Mo. App. 125; Pratt v. Railroad, 122 S. W. 1125.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiffs, under the statute, through the negligent killing of their infant son by defendant. Plaintiffs recovered and defendant appeals.

It appears the defendant owns and operates a railroad running east and west through the town of Greenwood in St. Louis county. At the point where the little child lost his life, it maintains two parallel railroad tracks. The evidence tends to prove that Sutton avenue in the town mentioned is used by the public and that a wagon crossing had been constructed across the railroad thereon. On its north track, defendant had standing several empty cars immediately adjacent to Sutton avenue and about six or seven feet from the west side of the street crossing. The one nearest the crossing was a coal car. The theory of plaintiffs' case is that

their infant child, between five and six years of age, was on the railroad tracks at the public crossing and in the act of crossing the same when defendant, without warning, suddenly propelled one of the empty cars over and upon him and thus occasioned his death. It appears defendant's locomotive was doing some switching on the track west of the street crossing and that it pushed other cars against those standing adjacent to the crossing with such force as to occasion them to move forward upon the crossing with rapidity, and this, too, without warning of any kind indicating the cars were about to be moved. One witness for the plaintiffs gave testimony tending to prove that the little child was seen on the crossing walking northward as though he intended to cross the tracks just prior to the cars being run upon him. There was evidence on the part of the defendant to the effect that the child had climbed upon the east end of the car next adjacent to the crossing and was hanging or swinging thereon when the cars further west were pushed against it and that he was precipitated from the end of the car forward upon the track to his death, which resulted from the car passing upon or over him. There appears to be substantial evidence tending to prove the defendant was negligent in starting the car suddenly forward, without warning of any kind, and we believe, too, there is sufficient in the record tending to prove the plaintiffs' theory that the child was in the act of passing over the track on the public crossing at the time of his death. The question as to whether or not the child was in the act of passing over the track on the road crossing at the time, or was in fact swinging on the car, as insisted by defendant, was for the jury.

However, the judgment must be reversed and the cause remanded for the reason the court submitted the case on at least one theory not relied upon in the petition. The petition charged that the infant, Willis Compton, was killed "at or near a crossing, which

said crossing was an open, public highway running over defendant's tracks, and was known as Sutton avenue; that while said Willis Compton was upon or in said crossing, and was upon or about to step upon or very near one of the tracks of said railway company, said defendant, on said day, by its engineer, conductor, servants, agents and employees in charge of a locomotive, car or train of cars of defendant, carelessly, negligently and unskillfully caused or suffered one of its cars to run against and upon said Willis Compton, and to inflict serious and fatal injuries upon him from which the said Willis Compton died on the same day. That said car striking or running upon said Willis Compton was attached to other cars forming a train of cars standing on defendant's said track, and was standing partly or wholly upon or very near said crossing; that without warning and without looking to see whether any person was at the time upon said crossing or tracks of defendant, or in danger of being injured by moving said car, defendant negligently, carelessly and unskillfully caused or suffered other cars or a locomotive to run up and against and to strike said train of cars standing upon said track as aforesaid, and caused them to move violently and suddenly forward upon said crossing, without any warning to said Willis Compton, causing the car nearest said crossing, or upon said crossing, to run upon said Willis Compton and to injure him so that he died on or about the 23d day of September, 1908, as the result of the injuries so received by him," etc.

Besides submitting the question of defendant's liability by instruction on the theory presented in the petition the court gave, at plaintiffs' instance, a second instruction whereby liability against it was predicated on the theory of the "turntable cases." The first instruction for the plaintiff authorized a recovery if the child was on the crossing, in the act of passing over the tracks on the public highway and came to

his death through the negligence of the defendant in moving the cars suddenly forward without warning, etc. Such was the theory of liability proceeded upon in the petition and other instructions should have confined the right of recovery thereto. The plaintiffs, however, seized upon evidence introduced by defendant tending to show that the child was playing or swinging upon the car standing on its private tracks about six feet from the crossing and induced the court to submit this as well as a ground of liability against defendant on the theory that it was remiss in its duty in permitting the empty cars to stand upon its track near to the road crossing in an unguarded condition so as to operate as an inducement or invitation to children to play about the same. The instruction is as follows:

"Even though you believe from the evidence that said Willis Compton was trespassing upon the property of defendant by climbing upon and hanging from said car, yet if you believe and find from the evidence that the part of the car to which he had attached himself was upon or very near said crossing, and said car was standing still, and was from its situation calculated to attract children thereto, and that this was known or might have been known to defendant by reason of its experience as a railroad company, the plaintiffs are still entitled to recover, if you believe and find from the evidence that defendant left said car in such a situation unguarded, and if you further believe and find from the evidence that said Willis Compton was injured and killed by the negligence of defendant, as elsewhere indicated in these instructions, your verdict should be for the plaintiffs."

This was error, for a person may not count upon one cause of action and recover upon another even though the other would be a good cause of action if properly pleaded. The instructions authorizing a recovery should limit the elements of liability to the

negligence charged.    The party defendant is entitled to know in advance the grounds of liability relied upon, and, besides, is not required to anticipate and defend himself on a theory not suggested in the    petition. [Chitty v. St. Louis, I. M. & S. Ry. Co., 148 Mo. 64, 49 S. W. 868.]

However, the instruction submitting the "turntable doctrine" in part at least as a predicate for recovery was furthermore erroneous for the reason the doctrine is not pertinent on the facts in proof.    Of this it may be said the car was not upon the crossing so as to present the element of nuisance, but instead it was six feet therefrom on  defendant's  property. Under these circumstances the obligation of ordinary care required no more in this case than that defendant should not move it suddenly forward without proper warning unless its servants either saw, or by exercising due care, might have seen the situation and peril of the child.    The doctrine of the "turntable cases" is substantially to the effect that turntables are dangerous machines in and of themselves and are peculiarly attractive to children.    They stand as an exception generally to the law of negligence for the reason the person injured thereabout is a trespasser upon the property of the owner of the machine.    The grounds of liability which the courts have asserted in those cases proceed from the facts that danger inheres in the institution itself and being peculiarly attractive to children, they operate as an implied invitation exciting the childish instinct to examine and play about the same. Therefore, when left unguarded, even though upon the private property of the railroad, they are treated, from the standpoint of children, as attractive nuisances tending to invite the child to play about them and to entail injury unless properly inclosed or otherwise guarded.    [Berry v. St. Louis, M. & S. E. R. R. Co., 214 Mo. 593, 114 S. W. 27; Koons

v. Railroad, 65 Mo. 592; Nagel v. Railroad, 75 Mo. 653; Kelly v. Benas, 217 Mo. 1, 11, 116 S. W. 557.]

The doctrine of these cases is not to be invoked however with respect to railroad cars standing upon their private switches, for such cars, even though unguarded, are not liable to be moved by and inflict injury upon small children. In other words, the extraordinary dangers which inhere in unguarded, unfastened and exposed turntables is not present in a car standing upon the side tracks and besides such cars are not so inviting to children as playthings. On the reasoning indicated, our Supreme Court has pointedly declared the doctrine of the "turntable cases" not relevant to railroad cars standing upon the tracks in the yards of the company. [Barney v. H. & St. J. R. R. Co., 126 Mo. 372, 28 S. W. 1069.] That the doctrine may not be extended promiscuously to all situations more or less dangerous, which are in some respects inviting to children and maintained by the owner upon his own premises, see Kelly v. Benas, 217 Mo. 1, 116 S. W. 557.

The judgment should be reversed and the cause remanded. It is so ordered. All concur.