COURT COMPTON et al., Respondents, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 7, 1912.

1. RAILROADS: Injury at Crossing: Sufficiency of Evidence. In an action against a railroad company for the death of a child by being struck at a crossing by a train, evidence *held* sufficient to present a question for the jury, whether he was struck while on the crossing, or whether he was precipitated upon the crossing while swinging on the end of a car.

2. TRIAL PRACTICE: Directing Verdict: Matters to be Considered. In determining whether or not a request for a directed verdict for defendant should be granted, the direct evidence and all the reasonable inferences that may be drawn therefrom in favor of plaintiff are to be considered, and contradictory evidence on the part of defendant and inferences that may be drawn therefrom are not to be considered.

3. ———: Credibility of Witnesses: Province of Jury. The jury alone are authorized to pass upon the credibility of witnesses and the weight of the evidence, even though the evidence is not directly contradicted.

4. RAILROADS: Injury at Crossing: Duty to Warn. Where freight cars are standing on a railroad track within a few feet

Compton v. Railroad.

of a highway crossing, it is negligence to run a locomotive against them with great force, for the purpose of making a coupling, without first ascertaining whether there is any one on the crossing and warning them of danger, although there is no intention of crossing the highway and hence no statutory duty to make observations or sound a warning.

5. ——: ——: **Character of Crossing: Instructions.** Where a railroad company constructed a crossing across its tracks, connecting two public highways, erected thereat the usual crossing sign, and permitted it to be used by the public, an instruction, in an action for the death of a person at such crossing, authorizing the jury to find that it was a public highway, was not erroneous, although it had never been platted as a public highway and had not been used for a sufficient length of time to enable the public to acquire any rights by prescription, since, although not technically a public highway, the railroad company was bound to exercise the same care for the protection of persons using it as at a public highway.

6. ——: ——: **Persons Near Track: Instructions.** In an action for the death of a person by being struck by a railroad car at a crossing, an instruction, authorizing a recovery if he was on the crossing and near to or on the track and the railroad company failed to exercise ordinary care for his protection, was not erroneous, because of the use of the words "near to," since, if he was on the crossing and near the track, the railroad company owed him the same obligation as if he was actually on the track.

7. **DAMAGES: Measure of Damages: Instructions: Correct in General Scope.** Where an instruction on the measure of damages submits no erroneous element of recovery and is correct in its general scope, it will not be condemned on the ground it is not sufficiently specific, since the duty devolves upon the defendant to request any specific direction concerning which he may care to have the jury informed.

8. **DEATH BY WRONGFUL ACT: Measure of Damages: Instructions: Correct in General Scope.** An instruction, in an action under section 5425, Revised Statutes 1909, authorizing a recovery, in an action against a railroad company for wrongful death, of not less than $2000 nor more than $10,000, in the discretion of the jury, that if the jury found for plaintiff, they should award such sum as in their discretion they deemed proper, under the circumstances in evidence, within the statutory limits, was correct in its general scope.

9. ——: ——: ——: **Conflict.** An instruction, in an action under section 5425, Revised Statutes 1909, authorizing a recovery, in an action against a railroad company for wrongful

Compton v. Railroad.

death, of not less than $2000, nor exceeding $10,000, in the dis-
cretion of the jury, that if the jury found for plaintiff, they should
award such sum as in their discretion they deemed proper,
under the circumstances in evidence, within the statutory lim-
its, was not in conflict with an instruction given for defendant,
that no recovery could be had for loss of society or companion-
ship, or for grief or pain caused by the death, since the latter
instruction merely imposed proper limitations upon the more
general instruction given for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon.
Charles Claflin Allen*, Judge.

AFFIRMED.

*R. T. Railey* and *James F. Green* for appellant.

(1)   There was not sufficient testimony to au-
thorize a finding that plaintiffs' son was struck while
on the crossing, and therefore the court should have
directed a verdict for the defendant. A verdict based
on conjecture should not stand. Lynch v. Railroad,
112 Mo. 432; Moberly v. Railroad, 98 Mo. 183; Rapp
v. Railroad, 106 Mo. 423; Peck v. Railroad, 31 Mo.
App. 128; Myers v. City, 108 Mo. 480; Haynes v. Tren-
ton, 133 Mo. 126; Moore v. Railroad, 28 Mo. App. 622;
Patton v. Railroad, 179 U. S. 658; Warner v. Rail-
road, 178 Mo. 125; Goranson v. Mfg. Co., 117 Mo. App.
412.   (2)   Plaintiff's instruction No. 1 is erroneous
in permitting the jury to determine whether the cross-
ing was a public highway. 3 R. S. 1909, sec. 10446;
Walton v. Railroad, 67 Mo. 56.   (3)   Plaintiff's in-
struction on the measure of damages is erroneous.
Wilburn v. Railroad, 36 Mo. App. 215; Camp v. Rail-
road, 94 Mo. App. 284; Stephens v. Railroad, 96 Mo.
207; Badgley v. St. Louis, 149 Mo. 122; Hart v. Rail-
road, 94 Mo. 256; Parsons v. Railroad, 94 Mo. 286;
Goss v. Railroad, 50 Mo. App. 614; Smith v. Fordyce,
190 Mo. 30; Carpenter v. McDavit, 53 Mo. App. 404.
(4)   Plaintiffs' instruction as to the measure of dam-

ages is in conflict with defendant's, and was not cured by it. McKinnon v. Coal Co., 120 Mo. App. 164; Totter v. Railroad, 122 Mo. App. 417; Sack v. Railroad, 112 Mo. App. 476; Wojtylak v. Coal Co., 188 Mo. 283; Shepard v. Railroad, 189 Mo. 373; Porter v. Railroad, 199 Mo. 96; Hamilton v. Railroad, 114 Mo. App. 513.

*William Hilkerbaumer* for respondents.

(1) The former ruling of this court on the first appeal (147 Mo. App. 414), that respondent's case was a proper one for the jury, is the law of this case, and no reason is shown by appellant why it should reconsider that ruling. Mangold v. Bacon, 237 Mo. 496, 141 S. W. 650. (2) There is ample evidence in the record justifying a submission of the case to the jury and the finding of a verdict for the plaintiffs because there was nothing in plaintiffs' proof permitting any inference that the deceased was a trespasser, and the inference from plaintiffs' proof that the boy was struck by defendant's car while on the board crossing is not only fair but convincing. Defendant's evidence should not be considered in determining this point. Mooré v. Transit Co., 194 Mo. 1; Holloway v. Kansas City, 184 Mo. 19; Hollweg v. Tel. Co., 195 Mo. 149; Taylor v. Iron Co., 133 Mo. 349; Frick v. Railroad, 75 Mo. 595; Montgomery v. Railroad, 181 Mo. 477; Deitring v. Transit Co., 109 Mo. App. 524; Baxter v. Transit Co., 103 Mo. App. 597; Morrow v. Pullman, 98 Mo. App. 351; Chinn v. Railroad, 100 Mo. App. 576. (3) Plaintiff's first instruction is not subject to the criticisms offered by appellant. Russell v. Railroad, 70 Mo. App. 88; Boyd v. Springfield, 62 Mo. App. 456; Coulter v. Railroad, 5 N. D. 568, 67 N. W. 1046. (4) The trial court did not commit error in giving plaintiff's instruction on the measure of damages. R. S. 1909, sec. 5425; Potter v. Railroad, 136 Mo. App. 125; Pratt v. Railroad, 139 Mo. App. 502; Boyd v. Railroad, 236 Mo. 54; Chil-

dress v. Railroad, 141 Mo. App. 667. (5) Respond-
ents are entitled to ten per cent of the judgment be-
cause this appeal is frivolous. R. S. 1909, sec. 2084.

NORTONI, J.—This is a suit for damages ac-
crued to plaintiffs under the statute, on account of the
wrongful death of their infant child, through the neg-
ligence of defendant. Plaintiffs recovered and de-
fendant prosecutes the appeal.

Plaintiffs are the father and mother of Willis
Compton, who came to his death when aged between
five and six years, through being run upon by defend-
ant's car on a public crossing at Greenwood, in St.
Louis county. It appears that the crossing involved
is not parcel of a public platted street but was con-
structed across defendant's railroad by it as a continu-
ation of Sutton avenue, which terminated immedi-
ately adjacent to the north side of defendant's right
of way. At the place where plaintiffs' child was run
upon, defendant maintains and operates two railroad
tracks, side by side, which run east and west. Sutton
avenue runs north and south and terminates at the
north side of defendant's right of way, and Green-
wood avenue runs east and west, immediately along and
adjacent to the south side of defendant's right of way.
To the end of affording communication as a highway
between these two streets, defendant constructed a
crossing for wagons and teams on its tracks, and erect-
ed thereat a large sign of the usual type, bearing the
words, "Railroad Crossing." The crossing is con-
structed of three-inch planks, securely laid between
the rails and adjacent thereto for the full width of
the tracks and about a foot outside thereof where it is
joined by approaches constructed of macadam from
Sutton avenue on the north and from Greenwood ave-
nue on the south. It is in evidence and, indeed, con-
ceded that this crossing has been used by the public
generally for as much as six years. The crossing so

constructed for wagons and teams was sixteen feet in width, and immediately on the west thereof defendant had standing three empty coal cars which were detached from a train.

The evidence for plaintiffs tends to prove that their son, Willis, aged between five and six years, was upon the crossing and the plank portion thereof, walking northward to the intersection of Sutton avenue, when one of these empty coal cars was thrust upon him and occasioned his death. The coal car which was run upon the child was situate immediately west of the crossing on defendant's track, so that the east end of the car was about six or eight feet west of the west side of the crossing. Defendant's swithmen, consisting of a foreman and four men, were engaged in switching at the time with a locomotive engine. As the locomotive came from the westward to pick up the three empty coal cars, it collided therewith with such force as to precipitate the car next to the crossing upon plaintiffs' child and occasion his death. It appears no lookout or observation for persons upon the crossing whatever was made by defendant's servants and no warning was given to the effect that the car was about to be suddenly moved forward.

It is argued, first, that the court should have directed a verdict for defendant because of the failure of the proof to show that the little child was upon the crossing at the time. For defendant, two witnesses testified that they did not see the child on the crossing but saw him in mid-air, falling from the car toward the crossing simultaneously with the collision of the locomotive with the car which thrust it forward. In other words, it is the theory of the defense that the child was not upon the crossing at the time, but instead had climbed on the end of the empty coal car, and was in that position when he was precipitated to his injury by the impact of the collision. The argument is, that because two witnesses, who are not point-

edly contradicted, testified to this fact for defendant and because the evidence for plaintiff tending to prove the child was upon the crossing is in part an inference, the whole is insufficient to support the judgment. We are not so persuaded, for there is sufficient in the record tending to prove plaintiffs' theory of the case, and the question is one for the jury. One witness for plaintiffs gave testimony to the effect that he was driving eastward on Greenwood avenue south of defendant's right of way and adjacent thereto, in full view of the crossing when he saw plaintiffs' little boy walking to the northward upon the crossing and about two feet south of the south rail of the south track. The child was run upon by a car located on the north track. This witness said that he observed the child so walking northward on the crossing three or four minutes before the collision. But he said, too, that he drove his wagon and horse only 100 feet between the time he observed the child on the crossing immediately south of the track and the collision. The witness was driving his horse in a walk and from this it was competent for the jury to find, when considering the habits of children, that the child had not had time to pass beyond the track or to climb upon the car when the collision occurred. It appears the two railroad tracks, together with the space between them, occupied about seventeen and one-half feet of ground, and when the child was seen walking leisurely northward, he was two feet south of the south rail of the south track. Though the witness said he observed the child two or three minutes before, the statement that his horse walked but 100 feet during the interim is of equal, if not of more, probative worth in the case, for the first statement essentially savors of opinion and the latter of fact. It is well known that the ordinary horse will walk about four miles, or 21,120 feet, per hour, and, therefore, in one minute a horse will walk one-sixtieth of this distance, which is 352 feet. While to walk

100 feet would consume less than one-third of a minute. On this testimony the court obviously did not err in refusing to direct a verdict for defendant in conformity with its theory that the child was not shown to have been upon the crossing and in the danger zone when the collision occurred. Especially is this true when it is remembered that, at the time the request for a peremptory instruction was made, at the conclusion of plaintiffs' evidence, no testimony whatever had been given on the part of defendant. Furthermore, plaintiffs' case is aided materially by the testimony of Mrs. Kinker, one of defendant's witnesses, who, with her baby in a carriage, was standing on the sidewalk about 100 feet to the northeast in Sutton avenue. This lady described the situation and says she saw the little child on the crossing "near the car, near the last wheel." The testimony of this witness touching the time of the collision and her observations with respect to the whereabouts of the child at that time is as follows: (As to this we copy the questions propounded to and the answers given by Mrs. Kinker.) "Q. Did you see anybody on the crossing? A. No, sir; only as I stopped to pick up the baby I saw like a child near the car, near the last wheel. Q. Where was he, under the wheels? A. No, sir; not that I could see. Q. Not that you could see? A. No, sir." These statements tend to prove that the child was upon the crossing in view of the witness before the wheels ran upon him and was not in the air somersaulting backward from the end of the car as testified by the two other witnesses for defendant. In considering the action of the court in refusing to direct a verdict for defendant, it is to be remembered that not only the direct evidence but all reasonable inferences therefrom in favor of plaintiffs are to be allowed, and this, too, notwithstanding the evidence to the contrary on the part of defendant, which, together with inferences therefrom, are to be rejected for the time be-

ing as matter within the province of the jury and not of the court. [See Moore v. St. Louis Transit Co., 194 Mo. 1, 92 S. W. 390; Holloway v. Kansas City, 184 Mo. 19, 82 S. W. 89.] On the former appeal of this case we expressed the opinion that the evidence touching this matter was sufficient to render the question one for the jury, as will appear by reference to Compton v. R. Co., 147 Mo. App. 414, 126 S. W. 821, and we adhere to that view. It is true the evidence of defendant's two witnesses seems to be clear and positive to the effect that the little boy was swinging on the end of the car and was precipitated therefrom to the crossing by the impact of the collision. But, be this as it may, plaintiffs having made a prima facie showing that he was upon the crossing but a few seconds before the collision, the burden with respect to the proposition that he was upon the end of the car was on defendant, and the jury alone were authorized to pass upon the credibility of the witness and weight of evidence even though it was not directly contradicted. [See Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907.]

It is argued, though the child was upon the crossing, defendant owed no duty in the circumstances of the case to make observations for him or give warning before moving the car backward thereon. It is said the train was not running with a purpose to cross the highway at the point of the injury and therefore, the law cast no duty upon defendant to make observations or sound a warning for those on the crossing. Obviously, the proposition is an unsound one, for the law requires the exercise of ordinary care at all times for the protection of persons who are rightfully upon the tracks, and such care is to be ascertained and determined in the circumstances of the particular case. It may be conceded that the statute imposed no obligation here, but the case proceeds as at common law, and no one can doubt that it was defendant's duty to

exercise ordinary care to protect against such casualties as were within the range of reasonable probabilities, and such probabilities are to be ascertained by reference to what an ordinarily prudent man should anticipate in the light of human experience about like affairs. Every one knows that people frequent public crossings on railroads in passing to and fro and that such crossings serve as a continuouus invitation to the public to walk and drive thereon. Every one knows, too, that an empty coal car standing immediately adjacent to a public crossing is liable to be suddenly precipitated upon a pedestrian by the sudden impact from a collision such as frequently occurs by running a locomotive with other cars attached against it with great force, to the end of making a coupling. It is, therefore, within the range of reasonable probability which an ordinarily prudent person should anticipate, that such an impact would occasion an injury to a pedestrian who happened to pass that way. It would seem, therefore, to be clear that ordinary care requires those in charge of the movement of the cars to make some observation for the safety of others and communicate some warning to those upon the crossing that the car would probably be moved forward. In this view, we declared the rule of prima facie liability on the former appeal, without elaborating it, however, for the reason that the proposition seemed so clear as to not even fall within the realm of a doubtful one. [See Compton v. R. Co., 147 Mo. App. 414, 126 S. W. 821.]

Plaintiffs' first instruction is as follows: "The court instructs the jury that if you believe and find from the evidence in this case that Willis Compton was at the time of his death a minor, and unmarried, and that the plaintiffs are husband and wife and the father and mother, respectively, of the said Willis Compton, and that the defendant is and was on the 23rd day of September, 1908, a railroad corporation

engaged in the business of a common carrier of passengers and freight for hire, and that as such it was on said day, by its conductor, engineer, agents, servants or employees in the control and operation of the locomotive, car or train of cars mentioned in the evidence; and that the crossing at Sutton avenue *is a public highway* extending upon and over the tracks of defendant's railroad, then the court instructs you that it was the duty of the defendant to anticipate the presence of persons upon its said track on said crossing; and if you believe and find from the evidence that on said 23d day of September, 1908, a car or train of cars of defendant was standing upon said track near said crossing of Sutton avenue, and that said Willis Compton was upon said crossing and *near to or upon said track,* and that said car or train of cars was suddenly and violently moved forward upon said crossing by defendant's servants or agents in charge of said car or train of cars, without looking to see whether any person was at the time upon said crossing in danger of being injured by the sudden moving of said car upon said crossing, and without any warning that they would be so moved, and that by reason thereof one of said cars struck and ran over the said Willis Compton and inflicted injuries upon him directly causing his death; and if you further find and believe that the plaintiffs were not guilty of negligence in the care and custody of their child contributing to the death of said Willis Compton, and that said Willis Compton did not climb upon and hang from said car, then your verdict should be for plaintiffs.''

The defendant levels a criticism at this instruction and says that it is erroneous in submitting to the jury the question of the crossing at Sutton avenue being a public highway. For a complete understanding of the question, we have italicized the words ''a public highway'' in the instruction above copied. The evidence is, that Sutton avenue is a public highway,

terminating at the north line of defendant's right of way and Greenwood avenue is a public highway which runs east and west adjacent to defendant's right of way on the south. As much as six years before, defendant had connected these two highways by installing a crossing constructed of three-inch planks as above described. This crossing was constantly used by the public. Besides, defendant maintained there its usual crossing sign by which it signified to the world that a railroad crossing was provided. It seems to be conceded that no public street had ever been condemned or platted across the tracks where defendant's right of way is situate and the evidence does not show a user for a sufficient length of time to confer a right upon the public as by prescription. But though such be true, the court did not err in referring to the crossing as a public highway in the circumstances of the case, for beyond question defendant maintained the crossing and invited the public to use it. There is in these facts persuasive, if not almost conclusive, evidence of a dedication on the part of the defendant, but we reserve this question and do not so decide. That the crossing was a public highway within the sense essential to impose upon defendant the common law obligation to exercise ordinary care for the safety of pedestrians whom it invited to use the same is not to be doubted. The mere fact that the proof does not show it to be a public highway according to the technical import of that term is immaterial here, for, to all itents and purposes, the public were using it as such at defendant's invitation and with its consent.

This instruction is criticised, too, because it is said it permits a recovery if Willis Compton was "near to or upon said track" at the time he was injured. By reference to these words, which we have italicised in the instruction, and their context, the full meaning may be understood. As to the question thus

submitted, the instruction is clearly within the averments of the petition, and it will be observed that it required the jury to find that the child was on the crossing and near to or upon the track. If the little boy was upon the crossing and sufficiently near to the track, at the time he was run upon and injured, to be within the range of the car which protruded at the side of the track, defendant's obligation to protect him existed identically as if he were actually upon the track, for the danger zone prevailed the same in either event. We see no merit in the criticism of this instruction.

Plaintiffs' instruction on the measure of damages is as follows: ''The court instructs the jury that if you find a verdict in favor of the plaintiffs you should award them such sum as in your discretion you may deem proper, under the circumstances in evidence, but not less than two thousand dollars and not exceeding ten thousand dollars.'' The suit is for the penalty stipulated in section 5425, Revised Statutes 1909, which authorizes a recovery of not less than $2000 nor exceeding $10,000 ''in the discretion of the jury.'' The argument is, that the instruction is improper, in that it authorizes a recovery ''in such sum as in your discretion you may deem proper, but not less than $2000 or not exceeding $10,000.'' This argument omits to reckon with the fact that the instruction also requires the jury to exercise its discretion and fix the amount of recovery as it deems proper ''under the circumstances in evidence.'' Obviously, the instruction is sufficient. It is correct enough in its general scope, for it required the jury, in fixing the amount of the recovery, to do so within the limitations prescribed by the statute and to exercise its discretion in a proper manner under the circumstances in evidence. Where plaintiffs' instruction on the measure of damages submits no erroneous element of recovery and is correct in its general scope, it should

be approved on appeal, for it devolves upon defendant to request any specific direction touching the subject, of which it may care to have the jury informed. [Browning v. Wabash R. Co., 124 Mo. 55, 27 S. W. 644.] As to this matter, the jury were instructed on the part of defendant that plaintiffs were not entitled to recover anything for the loss of society or companionship of their son nor for any pain or grief which his death may have caused them and that such were not proper elements of damages for consideration. Obviously, the two instructions when read together are not in conflict, for that given at the instance of defendant only imposed proper limitations upon the more general direction on the part of plaintiffs. We see no reversible error in the record and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.